UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAN M. RENFROE,<br><br>          Plaintiff,<br><br>          v.<br><br>QUALITY LOAN SERVICE CORP. OF WASHINGTON; BANK OF AMERICA, N.A., successor by merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP; CITIBANK, N.A., as trustee of NRZ Pass-Through Trust VI; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and BANK OF NEW YORK MELLON, as trustee on behalf of the Certificateholders of the CWHEQ Inc., CWHEQ, Revolving Home Equity Loan Trust Series 2006-C,<br><br>          Defendants. | No. 2:17-cv-00194-SMJ<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

Before the Court, without oral argument, is Plaintiff Jan M. Renfroe's Motion to Remand to Washington State Court, ECF No. 11. Through this motion, Renfroe seeks an order from this Court remanding the case back to the Superior Court for the State of Washington in and for the County of Okanogan. *Id.* at 1. Defendants oppose the motion. ECF Nos. 17, 21 and 22. Having reviewed the

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND- 1**

pleadings and the file in this matter, the Court is fully informed and denies the motion.

## I. RELEVANT BACKGROUND

Plaintiff Jan M. Renfroe initiated this lawsuit in the Okanogan County Superior Court on April 3, 2017. ECF No. 1-1. She named Quality Loan Services Corp. of Washington, Bank of America, Citibank, and Mortgage Electronic Registration Systems, as defendants, and the Bank of New York Mellon as nominal defendant (collectively "Defendants"). ECF No. 1-1 at 1. She seeks declaratory, injunctive, and monetary relief arising out of a dispute over a loan she acquired that was secured by her home. ECF No. 1-1 at 3–11. Renfroe asserts only state law claims, under the Washington State Deed of Trust Act and Consumer Protection Act, and for quiet title. ECF No. 1-1 at 6–10.

While this action was in state court, Renfroe and Quality Loan Service entered into a stipulated agreement on May 2, 2017, in which Quality Loan Service was to be considered a nominal defendant, subject to certain conditions. ECF No. 1-2. On or about June 2, 2017, Renfroe received a Notice of Continuance of Trustee's Sale of her home indicating the Quality Loan Service rescheduled the sale of her home to July 28, 2017. ECF No. 12-1. About two weeks later, Renfroe's attorney sought, and Judge Christopher E. Culp of Okanogan Superior

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND- 2**

Court granted, a temporary restraining order enjoining Quality Loan Service from proceeding with the Trustee's Sale. ECF No. 13-1.

Defendants removed the case from Okanogan Superior Court to this Court on June 1, 2017. ECF No. 1.

## II. APPLICABLE LEGAL PRINCIPLES

Removal of a civil action from state to federal court is governed by 28 U.S.C. § 1446. Cases removed on the basis of diversity jurisdiction must present parties whose citizenship is completely diverse and contest an amount greater than $75,000. 28 U.S.C. § 1332(a). Given the strong presumption against removal, defendants bear the burden of establishing by a preponderance of the evidence that removal is proper. *Adrain v. Wells Fargo Bank, N.A.*, No. 2:16-cv-00142-SAB, 2016 WL 4059231, at *1 (E.D. Wash. July 27, 2016) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

For diversity jurisdiction purposes when removing a case from state to federal court, whether the parties are diverse to each other "is determined (and must exist) as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n of Am., et al*, 300 F.3d 1129, 1131 (9th Cir. 2002) (citations omitted). Once jurisdiction attaches, a party cannot destroy diversity by changing its citizenship. *Id.* at 1132 (citation omitted).

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND- 3**

Moreover, federal courts disregard formal or nominal parties' citizenship when considering citizenship for subject matter jurisdiction purposes. *Batson v. Deutsche Bank Tr. Ams.*, No. 2:15-cv-00193, 2015 WL 5316869, at *1 (E.D. Wash. Sept. 11, 2015). Courts have defined a nominal defendant as "one 'who holds the subject matter of the litigation in a subordinate or possessory capacity and to which there is no dispute.'" *Id.* (citing *SEC v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998)). The *Batson* court noted that "[m]ost courts consider trustees in foreclosure suits nominal parties, unless plaintiffs have alleged direct claims against them." *Id.* (citations omitted).

As to meeting the amount in controversy requirement, when the amount of damages a plaintiff seeks is unclear from the complaint, the defendant bears the burden of proving facts supporting the jurisdictional amount. *Gaus*, 980 F.2d at 566–67; *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). To discharge its burden, a defendant must "provide evidence establishing that it is more likely than not that the amount in controversy exceeds [$75,000]." *Valdez*, 372 F.3d at 1117 (citations and quotations omitted). The amount in controversy must be established as of the time of removal. *Grieff v. Brigandi Coin. Co.*, No. C14-214, 2014 WL 2608209, *1 (W.D. Wash. June 11, 2014). Defendants may rely on claims of general and specific damages, punitive damages, and attorney's fees to satisfy the amount in controversy requirement. *Colvin v. Conagra Foods,*

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND- 4**

*Inc.*, No. C07-1376, 2007 WL 3306746, *2 (W.D. Wash. Nov. 5, 2007). In determining whether the jurisdictional amount is met, a reviewing court evaluates the complaint and "may consider any evidence submitted by the parties including affidavits or declarations, or other [relevant] summary-judgment-type evidence." *Coleman v. American Commerce Ins. Co.*, No. C16-5096, 2016 WL 2586636, *2 (W.D. Wash. May 5, 2016) (citations and quotations omitted). Defendants cannot rely on "speculation and conjecture" or "unreasonable assumptions" to meet their burden. *Id.*

### III.    DISCUSSION

At the outset, the Court notes that Renfroe's argument regarding the fact that she tailored her claims for state court is unclear. ECF No. 11 at 3–4. Renfroe seems to argue that because she is the plaintiff and master of her claims and complaint, and she does not raise any federal law questions, she may avoid federal jurisdiction by relying exclusively on state law. *Id.* To the extent she asserts that she can avoid her case's removal from state court into federal court by relying exclusively on state law claims, that argument is unavailing. First, the Court notes that the authorities she cites in support of this proposition, ECF No. 11 at 3–4, are inapposite here. Those cases dealt with federal question jurisdiction. Here, Defendants removed on the basis of diversity jurisdiction. ECF No. 1 at 1. Accordingly, this argument does not help Renfroe resist removal. Whether the

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND- 5**

court has jurisdiction in this case turns on whether the diversity and amount in controversy requirements of 28 U.S.C. § 1332(a) are met.

A.  Complete diversity of citizenship exists between the parties.

As to the parties' state of citizenship, the Court must determine whether they are all diverse to each other as of June 1, 2017, the date Defendants removed to federal court. The parties dispute whether Quality Loan Service is a nominal defendant. ECF No. 11 at 5–7; ECF No. 17. Renfroe argues that though she signed the agreement making Quality Loan Service a nominal defendant in this matter, ECF No. 1-2, at the very least it is contested whether Quality Loan Service is a nominal defendant because Quality Loan Service allegedly breached the conditions of that agreement by moving ahead with the sale of the disputed property. ECF No. 11 at 5–7; ECF No. 17. At this time, the Court need not decide whether Quality Loan Service remains a nominal defendant. The Court must only determine whether Quality Loan Service was a nominal defendant as of June 1, 2017. By Renfroe's own admission, she received notice of the sale that allegedly breached her agreement with Quality Loan Service on or about June 2, 2017. ECF Nos. 12 and 12-1. Therefore, any dispute she has with Quality Loan Service that would affect its status as a nominal defendant necessarily began after June 1, 2017.

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND- 6**

Additionally, to the extent Renfroe asserts that the Court need only look at the complaint's four corners to establish whether Quality Loan Service is a nominal defendant, the Court disagrees. ECF No. 11 at 4–5. Relying on *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689 (9th Cir. 2005), Renfroe argues that because the complaint does not name Quality Loan Service as a nominal defendant and nominal status has not yet been applied to Quality Loan Service, the removal notice is premature. ECF No. 11 at 5. Renfroe misreads *Harris*. The question before the court in *Harris* was whether "under 28 U.S.C. § 1446(b), the burden lies with the defendant to investigate the necessary jurisdictional facts within the first thirty days of receiving an indeterminate complaint, or whether the determination be limited to the face of the initial pleading." *Id.* at 693. That is, where it is not apparent from the face of a complaint, do defendants have a duty to investigate facts within the first 30 days of receiving a state court complaint that would establish the jurisdictional requirements for removing a case to federal court. *Id.* In deciding that, no, defendants are not obligated to undertake such investigation, the court explained that defendants can rely on the four corners of the complaint to determine whether or not the case is removable when they receive a state court complaint. *Id.* at 694 ("If no ground for removal is evident in that pleading, the case is 'not removable' at that stage.") It is only after an amended pleading, motion, order, or other document makes it clear that removal is

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND- 7**

proper, that the 30-day period for removal begins. *Id.* That is what Defendants did here. Within 30 days of agreeing with Renfroe that Quality Loan Service is a nominal defendant in this case, Defendants filed their notice of removal. *See* ECF Nos. 1 and 1-2.

Accordingly, the Court finds that Quality Loan Service is a nominal defendant for the purpose of determining diversity.

Moreover, as to the citizenship of the parties, the Court finds that: Renfroe is a citizen of Washington State; Citibank is a citizen of South Dakota; Bank of America is a citizen of North Carolina; Mortgage Electronic Registration Systems is a citizen of Delaware and Virginia; and Bank of New York Mellon and Quality Loan Service are nominal defendants. ECF No. 1 at 2; ECF No. 1-2 at 1–2; *see, e.g.*, *Prosight Specialty Mgmt. Co., Inc. v. Jobs Films LLC*, No. 15-08843-BRO, 2015 WL 12655696, at *1 (C.D. Cal. Nov. 17, 2015) ("Under § 1332(c), a corporation is a citizen of each state in which it is incorporated and in the state where is [*sic*] has its principal place of business."). Since two parties are nominal defendants and the Court does not consider their citizenship for diversity purposes, and none of the remaining parties are citizens of the same state, complete diversity between the parties exists.

B. The amount in controversy is sufficient for diversity jurisdiction.

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND- 8**

In foreclosure suits, courts have held that the amount in controversy may be established by the loan amount at issue when a plaintiff does not quantify the amount of damages in the complaint. *See, e.g.*, *Adrain*, 2016 WL 4059231 at *2. Defendants have the burden of proving that the amount in controversy is met. *Gaus*, 980 F.2d at 566–67; *see also Valdez*, 372 F.3d at 1117. Defendants can discharge their burden by submitting "summary-judgment-type evidence" for the Court to consider. *Coleman*, 2016 WL 2586636 at *2. Here, Defendants submitted a document showing that the unpaid principle balance of the loan at issue here is $139,963.87. ECF No. 21-1 at 2 (Notice of Trustee's Sale recorded under Okanogan County Recorder's No. 3213654.). Accordingly, the amount in controversy is also met.

## IV. CONCLUSION

Having determined that complete diversity exists and the amount in controversy is met, this Court has subject matter jurisdiction and therefore **DENIES** the motion to remand.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Plaintiff's Motion to Remand to Washington State Court, **ECF No. 11**, is **DENIED**.

//

//

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 3rd day of August 2017.

_____
SALVADOR MENDOZA, JR.
United States District Judge

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND- 10**