FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 27, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAN M. RENFROE,<br><br>           Plaintiff,<br><br>v.<br><br>QUALITY LOAN SERVICE CORP. OF WASHINGTON; BANK OF AMERICA, N.A., successor by merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP; CITIBANK, N.A., as trustee of NRZ Pass-Through Trust VI; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and BANK OF NEW YORK MELLON, as trustee on behalf of the Certificateholders of the CWHEQ Inc., CWHEQ, Revolving Home Equity Loan Trust Series 2006-C,<br><br>           Defendants. | No. 2:17-CV-0194-SMJ<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS BANK OF AMERICA, N.A. AND BANK OF NEW YORK MELLON'S MOTION TO DISMISS |

## I.    INTRODUCTION

A deed of trust is a security instrument in which legal title in real property is transferred to a third-party trustee who then holds it as security for a debt between the borrower and the lender. The deed of trust is said to "follow the note" so that the holder of the note is the beneficiary under the deed of trust. The

ORDER - 1

beneficiary under a deed of trust has the power to initiate a nonjudicial foreclosure upon the borrower's default.

In 2005, Ms. Renfroe and her husband executed a deed of trust against their home in Oroville, WA as security for a loan with Eagle Home Mortgage. The note securing the deed subsequently changed possession several times. In 2014, Bank of America—acting as trustee under the Deed of Trust—commenced a nonjudicial foreclosure proceeding against Ms. Renfroe's Oroville home.

Ms. Renfroe filed this action in Okanogan Superior Court to halt the foreclosure proceedings. Her complaint names multiple defendants and alleges a host of errors with the foreclosure process. These allegations include that Defendants violated the Deed of Trust Act by failing to identify the true beneficiaries in the foreclosure documents and engaged in unfair or deceptive practices in violation of the Consumer Protection Act. Ms. Renfroe seeks declaratory and injunctive relief as well as damages and quiet title in her favor.

Defendants Bank of America, N.A. (Bank of America) and The Bank of New York Mellon, as trustee on behalf of the Certificateholders of the CWHEQ Inc., CWHEQ, Revolving Home Equity Loan Trust Series 2006-C (New York Mellon) (collectively, Defendants) move to dismiss each of Ms. Renfroe's claims against them for failure to state a claim upon which relief can be granted. Because the nature of the alleged wrongdoing is not proper for declaratory judgment, the

Court grants Defendants' motion to dismiss on this claim. The Court further grants the motion to dismiss the DTA and CPA claims against New York Mellon, but not against Bank of America. Finally, the Court denies Defendants' motion to dismiss the quiet title action.

## II. BACKGROUND

In 2016, Jan Renfroe brought an action in Okanogan Superior Court to delay foreclosure proceedings initiated under a Deed of Trust. ECF. No. 9. The Deed of Trust originated in 2005, when Ms. Renfroe and her then-husband Rand Renfroe took out a loan with Eagle Home Mortgage, Inc. (Eagle Home). ECF No. 1-1 at 1. The Note was secured by a Deed of Trust against the Renfroes' home in Oroville, Washington (the Oroville Property). ECF No. 5-2. The Deed of Trust identifies the Renfroes as borrowers, Eagle Home as the lender, and lists Mortgage Electronic Registration Systems, Inc. (MERS) as beneficiary and lender's nominee. *Id.* at 1–2.

Ms. Renfroe fell behind on her home loan payments in 2011, triggering the beneficiary's right to direct a non-judicial foreclosure sale under the Deed of Trust. ECF No. 1-1 at 4. By 2011, however, neither MERS nor Eagle Home retained an interest in the Note or Deed of Trust. Sometime after origination, the Note was sold to the Federal National Mortgage Association ("Fannie Mae"). ECF No. 1-1 at 5. In 2014, Bank of America sent Ms. Renfroe a Notice of Default. *Id.*

The Notice identified Fannie Mae as the debt owner and Bank of America as the loan servicer. *Id.* In 2015, Bank of America appointed Quality Loan Service Corp. of Washington (Quality) to serve as successor trustee and continue the foreclosure. ECF No. 5-4.

In December of 2016, Quality issued a Notice of Trustee's Sale. ECF No. 5-7. By this time, however, the Note had again changed hands. After Bank of America issued the Notice of Default, the Note was sold to Citibank as Trustee for NRZ Pass-Through Trust VI (Citibank). *See id.* Nationstar Mortgage, LLC (Nationstar) served as Citibank's servicing agent and Quality remained as trustee. *Id.* The 2016 Notice of Trustee's Sale identified Quality as the trustee under the Deed of Trust and Citibank as the beneficiary. *Id.*

Before the auction date set in the Notice of Trustee's Sale, Ms. Renfroe brought an action in state court seeking declaratory relief, an injunction stopping the foreclosure sale, and quiet title. ECF No. 1-1. Defendants removed the action to this Court. ECF No. 1. Defendants Bank of America and New York Mellon now move for dismissal under Federal Rule of Civil Procedure 12(b)(6). ECF No. 7. Defendants also request this Court take judicial notice of several public records so that the Court may consider them in conjunction with Defendants' motion to dismiss. ECF No. 8.

## III. JUDICIAL NOTICE

Defendants request this Court take judicial notice of the following: Notice of Trustee's Sale (ECF No. 8-1), Assignment of Deed of Trust (ECF No. 8-2), Assignment of Deed of Trust (ECF No. 8-3), Assignment of Deed of Trust (ECF No. 8-4), Deed of Trust (ECF No. 8-5), Deed of Trust (ECF No. 8-6), and Declaration of Jan M. Renfroe in Support of Motion to Restrain Sheriff's Sale and Obtain Restraining Order, filed in *Renfroe v. Quality Loan Service Corp. of Washington et al.*, Case No. 17-2-00156-4, Okanogan County Superior Court (ECF No. 8-7).

Federal Rule of Evidence Rule 201 permits courts to take judicial notice of adjudicative facts. The Court may take judicial notice of a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201. The Court may take judicial notice of publicly recorded documents. *Id.*

Because they are publicly recorded documents, judicial notice is proper as to all of Defendants' requested documents (ECF Nos. 8-1 through 8-6) except the Declaration of Jan M. Renfroe (ECF No. 8-7). Ms. Renfroe's declaration was filed in a separate, though related, action before a different court. ECF No. 8-7. The assertions contained therein are neither generally known within this jurisdiction

1 nor readily subject to indisputable verification. *Id.* This Court therefore declines to notice the assertions contained in Ms. Renfroe's declaration, ECF No. 8-7.

### IV. MOTION TO DISMISS

**A. Motion to Dismiss Standard**

A claim may be dismissed pursuant to Rule 12(b)(6) either for lack of a cognizable legal theory or failure to allege sufficient facts to support a cognizable legal theory. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Rule 12(b) states that if, on a motion to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleadings are presented and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. On a motion to dismiss, however, a court may take judicial notice of facts outside the pleadings. *See Sears,*

*Roebuck & Co. v. Metro. Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956); 5 C. Wright & A. Miller, Federal Practice & Procedure, § 1363 at 659–60 (1969). Therefore, on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment. *See Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

**B.  Declaratory judgment is an inappropriate remedy because the alleged wrongdoing is neither ongoing nor prospective.**

Ms. Renfroe first seeks a declaration that the DTA requires parties to correctly identify the parties seeking foreclosure in a nonjudicial foreclosure action. ECF No. 1-1 at 6. Neither Bank of America nor New York Mellon are pursuing foreclosure of the Oroville Property.

Ms. Renfroe's claims against Bank of America appear to stem from her contention that it failed to identify the proper parties during the time it serviced the loan for Fannie Mae. However, she acknowledges that Bank of America serviced Fannie Mae's loan only until the loan servicing was transferred to Nationstar in 2016. ECF No. 1-1 at 8. Declaratory judgment is a remedy most appropriate to prevent future or ongoing violations of the law. It is generally inappropriate to remedy past conduct. *See Bayer v. Nieman Marcus Group, Inc.*, 861 F.3d 853 (9th Cir. 2017) (noting that declaratory judgment is inappropriate to

ORDER - 7

merely adjudicate past violations, as opposed to continuing or future violations). The foreclosure proceedings have been stayed in light of pending litigation. Accordingly, the pending litigation—and not declaratory judgment—is the most appropriate remedy with respect to Ms. Renfroe's claims against Bank of America. The Court therefore declines to issue declaratory judgment on this claim.

There is no basis to issue declaratory judgment against New York Mellon on the facts alleged. New York Mellon has played no part in the loan servicing or foreclosure actions at issue. Accordingly, there is no basis for declaratory judgment against New York Mellon and the claim must be dismissed.

**C. Ms. Renfroe may be able to establish a CPA or DTA violation by Citibank but fails to allege facts sufficient to support a claim under the CPA or DTA against New York Mellon.**

Ms. Renfroe's third cause of action alleges defendants violated Washington's Consumer Protection Act (CPA), Wash. Rev. Code (RCW) § 19.86, by misrepresenting the true holder of the Note, in violation of the DTA. ECF No. 1-1 at 7. To establish a prima facie private CPA claim the plaintiff must allege (1) an unfair or deceptive act or practice; (2) that occurs in trade or commerce; (3) an impact on the public interest; (4) injury to the plaintiff in his or her business or property; and (5) a causal link between the unfair or deceptive act and the injury

ORDER - 8

suffered. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (1986).

### 1. Bank of America

Ms. Renfroe alleges Bank of America failed to identify the true parties seeking foreclosure in the Notice of Default. Specific to Bank of America, Ms. Renfroe alleges that the Notice of Default did not identify the beneficiary or trustee. ECF No. 1-1 at 7. She also alleges that Bank of America engaged in deceptive negotiations that caused her to either forego or misapply payments on her loan. Failure to comply with the requirements for issuing a notice of default under Washington's DTA is a per se unfair or deceptive practice. *See* RCW 61.24.135. The alleged deceptive negotiations and bargaining may also be a sufficient basis for a claim under Washington's CPA.

Bank of America argues that the judicially-noticed foreclosure documents and beneficiary declarations establish that it complied with the DTA. *See* ECF No. 8-2 (Bank of America as beneficiary assigning interest to Citibank on April 1, 2016, after the 2014 Notice of Default identifying Bank of America was issued). Ms. Renfroe alleges that the documents are only facially compliant, but are actually not representative of the true owners and beneficiaries. She makes these allegations "on information and belief."

ORDER - 9

District courts in the Ninth Circuit have held that allegations in a complaint based on "information and belief" are sufficient to survive a motion to dismiss as long as there is some plausible basis to support a cause of action. *See, e.g.*, *TV Ears, Inc. v. SYK Group, LLC*, No. 16cv867-GPC(WVG), 2016 WL 7336623 (S.D. Cal. Dec. 19, 2016); *Bernstein v. Health Net Life Ins. Co.*, No. 12cv717-AJB(JMA), 2013 WL 120954240, at *4 (S.D. Cal. Apr. 4, 2013). The Court is mindful of the fact that CPA actions are necessarily predicated on alleged unfair or deceptive conduct on the part of the defendant. Because she has alleged facts which, if taken as true, permit a plausible ground for relief, Ms. Renfroe is entitled to pursue her claim. Accordingly, Bank of America's motion to dismiss this claim is denied.

**2.     New York Mellon**

Ms. Renfroe's claim regarding New York Mellon fails as a matter of law. Ms. Renfroe's complaint is nearly silent regarding New York Mellon. It states only that New York Mellon is a "nominal defendant who has an interest in the Home." ECF No. 1-1 at 2. Ms. Renfroe alleges no facts to support any element of a CPA claim against New York Mellon. Accordingly, the CPA claim against New York Mellon is dismissed.

**D.  Ms. Renfroe has alleged sufficient facts to support her quiet title claim.**

Ms. Renfroe's fourth claim seeks quiet title to the Oroville Property and to bar any of the named defendants from asserting any adverse right to the Oroville Property. ECF No. 1-1 at 10. Defendants argue that they are inappropriate defendants to the quiet title action because "Defendants do not assert title to the Property, but rather only [New York Mellon] asserts a security interest . . . ." ECF No. 7 at 12. This argument is flawed because an action to quiet title is appropriate whenever a plaintiff with an interest in property seeks a determination of title. *See, e.g.*, *Bavand v. OneWest Bank, F.S.B.*, 309 P.3d 636, 649 (2013) (acknowledging quiet title as an appropriate action to extinguish a lien pursuant to a deed of trust).

Defendants further argue that Ms. Renfroe cannot assert a claim for quiet title without first alleging that she has satisfied the outstanding debt. While this is generally the rule, Washington has created a statutory quiet title action for property owners to declare their rights when they believe the statute of limitations on the underlying obligation has expired. RCW 7.28.300. This is the basis upon which Ms. Renfroe brings her quiet title action, and she has alleged sufficient facts to support a plausible basis for this claim. Accordingly, Defendants' motion to dismiss the quiet title claim is denied.

**V. CONCLUSION**

For the reasons discussed, **IT IS HEREBY ORDERED**:

**1.** Defendants' Request for Judicial Notice, **ECF No. 8**, is granted in part and denied in part as follows:

    *A.* Defendant's request for judicial notice as to Notice of Trustee's Sale, dated December 21, 2016, ECF No. 8-1, is **GRANTED.**

    *B.* Defendant's request for judicial notice as to Assignment of Deed of Trust dated April 1, 2016, ECF No. 8-2, is **GRANTED.**

    *C.* Defendant's request for judicial notice as to Assignment of Deed of Trust dated June 22, 2012, ECF No. 8-3, is **GRANTED.**

    *D.* Defendant's request for judicial notice as to Assignment of Deed of Trust dated May 10, 2011, ECF No. 8-4, is **GRANTED.**

    *E.* Defendant's request for judicial notice as to Deed of Trust dated February 23, 2006, ECF No. 8-5, is **GRANTED.**

    *F.* Defendant's request for judicial notice as to Deed of Trust dated November 17, 2005, ECF No. 8-6, is **GRANTED.**

    *G.* Defendant's request for judicial notice as to Declaration of Jan M. Renfroe in Support of Motion to Restrain Sheriff's Sale and Obtain Restraining Order, filed in *Renfroe v. Quality Loan Service Corp. of Washington et al.*, Case No. 17-2-00156-4, in Okanogan County Superior Court, ECF No. 8-7, is **DENIED.**

**2.** Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim, **ECF No. 7**, is granted in part and denied in part as follows:

- *A.* The Court declines to grant declaratory judgment on alleged violations of the foreclosure proceedings. Defendants' motion to dismiss this claim is therefore **GRANTED**.
- *B.* Defendant Bank of America's motion to dismiss Plaintiff's claims for DTA and CPA violations is **DENIED**.
- *C.* Defendant New York Mellon's motion to dismiss Plaintiff's claims for DTA and CPA violations is **GRANTED**.
- *D.* Defendants' motion to dismiss Plaintiff's quiet title claim is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 27th day of September 2017.

SALVADOR MENDOZA, JR.
United States District Judge