FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 26, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAN M. RENFROE,<br><br>    Plaintiff,<br><br>v.<br><br>QUALITY LOAN SERVICE CORP. OF WASHINGTON; BANK OF AMERICA, N.A., successor by merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP; CITIBANK, N.A., as trustee of NRZ Pass-Through Trust VI; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and BANK OF NEW YORK MELLON, as trustee on behalf of the Certificateholders of the CWHEQ Inc., CWHEQ, Revolving Home Equity Loan Trust Series 2006-C,<br><br>    Defendants. | No. 2:17-CV-00194-SMJ<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL SUPPLEMENTAL DISCLSOURES |

    Before the Court, without oral argument, is Plaintiff Jan Renfroe's Motion to Compel Supplemental disclosures from NRZ Pass-Through Trust VI and Mortgage Electronic Registration Systems, Inc. ECF No. 47. Plaintiff alleges that Defendants Citibank, N.A., as trustee for NRZ Pass-Through Trust VI (Citibank) and Mortgage Electronic Registration Systems, Inc. (MERS) (collectively, Defendants) violated

ORDER - 1

Rule 26 by failing to properly disclose the witnesses upon which it intended to rely or the documents it intended to use in support or defense of claims as required under Federal Rule of Civil Procedure 26. Defendants assert that they have properly disclosed all information required under Rule 26 and that Plaintiff's further requests for information must be sought through formal discovery. Both parties move for fees.

## BACKGROUND

Plaintiff filed her initial complaint in this matter in Okanogan County Superior Court on April 3, 2017. On June 1, 2017, Defendants filed their notice of removal to this Court pursuant to 28 U.S.C. § 1132. The complaint alleges numerous causes of action against various financial institutions and other organizations involved in the issuance of, and subsequent foreclosure upon, a refinance loan secured by Plaintiff's home. Plaintiff alleges that each defendant failed to comply with the Washington Deed of Trust Act, that certain defendants violated the Washington Consumer Protection Act. Plaintiff seeks declaratory and injunctive relief, and quiet title in her name.

The Court ordered the parties to exchange Rule 26(a)(1) initial disclosures no later than July 21, 2017. ECF No. 10. At the August 4, 2018 scheduling conference, the parties indicated that they had not exchanged initial disclosures as

required by the scheduling conference notice. The Court required the parties to exchange initial disclosures no later than August 8, 2011. ECF No. 31 at 2.

On June 25, 2017, counsel for Citibank and MERS emailed Plaintiff's counsel Defendants' initial disclosures. Defense counsel used one of the three email addresses listed by Plaintiff's counsel, Mr. Hunter, in the Court's Electronic Filing System for this matter. Plaintiff's counsel represents that does not regularly monitor this email and did not discover the email containing the disclosures until mid-September, 2017.

On September 21, 2017, Mr. Hunter and Defendants' counsel, Mr. McIntosh, met pursuant to Fed. R. Civ. P. 37 to discuss what Mr. Hunter perceived as inadequacies in Defendants' initial disclosures. Mr. McIntosh maintains that the initial disclosures are adequate and that Plaintiff must seek more detailed disclosures through formal discovery.

Defendants moved for summary judgment, ECF No. 4, and a hearing on the summary judgment motion is scheduled for November 21, 2017. Plaintiff maintains that the supplemental disclosures are necessary in defending against Defendants' motion for summary judgement.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26 requires parties to disclose the name of "each individual likely to have discoverable information—along with the subjects

ORDER - 3

of that information—that the disclosing party may use to support its claims or defenses." Parties must also provide copies or descriptions of "all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses."

Rule 26(e) imposes a continuous duty on all parties "to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Rule 37(a)(2) provides that if a party fails to make a Rule 26(a) disclosure, any other party may compel disclosure or move for sanctions. The Court has broad discretion to fashion appropriate sanctions under Rule 37, which includes the power to exclude the evidence at issue, impose fines, or order the non-moving party to pay the moving party's costs and fees. Fed. R. Civ. P. 37(a)(1)(A)–(C).

**DISCUSSION**

Plaintiff alleges Defendants breached their disclosure obligations under Rule 26 in three ways: (1) Defendants failed to properly disclose the names and contact information of individuals likely to have discoverable information; (2) Defendants failed to make available to Plaintiff the documents upon which Defendants plan to rely; and (3) Defendants failed to provide a computation of

ORDER - 4

damages or make available to the Plaintiff the documents upon which it relied in making its calculation. Plaintiff also objects to Defendants' use of email as a method of service for documents not filed with the Court. Defendant is correct that Defendants should not have served their initial disclosures electronically without written consent. With respect to the initial disclosures themselves, Plaintiff's objections to Defendants identification of certain witnesses has merit. However, her second and third claims appear to be matters that could have been properly resolved by the parties without resort to judicial intervention. Accordingly, the Court grants Plaintiff's motion to compel with respect to the names and contact information of individuals, but denies the remainder of the motion.

### A. Defendants must comply with Federal Rules of Civil Procedure 5 when serving papers not filed with the Court.

Plaintiff objects to Defendants' use of email in serving its initial disclosures. Plaintiff correctly argues that electronic service is permissible only when the party to be served has consented to such service in writing. Fed. R. Civ. P. 5(b)(2)(E). Defendants' use of email is therefore inappropriate without Plaintiff's written consent.

Defendants' mistake is understandable, however, in light of the Rule 5(b)(3), which permits parties to use the court's electronic transmission facilities to make service. When parties register with the Court's electronic filing system, they consent

to electronic service of all documents filed with the Court. Although this consent extends only to those documents filed with the Court, it is an understandable and fairly common mistake for a party to misunderstand consent to electronic service for court documents as a blanket consent to electronic service for all documents.

Plaintiff does not appear to request sanctions for this violation and none are appropriate under the circumstances. Going forward, Defendants are directed to serve Plaintiff in a manner compliant with Federal Rule of Civil Procedure 5.

**B.  Defendants' identification of certain individuals as "publicly available" is insufficient under Rule 26.**

Plaintiff first argues that Defendants violated their Rule 26 obligations by failing to provide the names and contact information of individual as required under the Rules. In their initial disclosures, Defendants identified seven individuals and entities with potentially discoverable information. ECF No. 37-1 at 2–3. With respect to two of the entities, Federal National Mortgage Association (Fannie Mae) and Nationstar Mortgage, LLC (Nationstar), Defendants' did not identify a specific individual or provide contact information, but instead listed the contact as "Publicly available." *Id.* Because Rule 26 imposes a duty of reasonable investigation, Plaintiff is correct that Defendants' disclosures regarding Fannie Mae and Nationstar are insufficient.

Rule 26(a)(1)(A)(i) requires parties to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable

information . . . that the disclosing party may use to support its claims or defenses . . . ." This mandatory early disclosure extends to all information reasonable available to the party. Fed. R. Civ. P. 26(a)(1)(E). "Reasonably available" includes information known to a party, its agents and counsel, as well as information obtainable through reasonable investigation." *See* Adv. Comm. Notes to 1993 Amendment to Fed. R. Civ. P. 26(a).

Here, Defendants failed to disclose the names and contact information for specific individuals from Fannie Mae and Nationstar, which were reasonably available to Defendants through reasonable investigation. Defendants argue that "no one from Citibank has any personal knowledge of this loan or the allegations of wrongdoing in the complaint." ECF No. 49 at 4. However, this argument is irrelevant to the disclosures at issue. Rule 26 does not require that a party have personal knowledge of all events related to the litigation. It does, however, require parties to provide the names and contact information of parties it believes have potentially discoverable information that the disclosing party may use to support its claim. If Citibank intends to use information that may be available from individuals at Fannie Mae or Nationstar to defend against Plaintiff's claims, it must disclose those individuals without waiting for a discovery request.

Accordingly, the Court finds Defendants' failure to identify specific individuals within Fannie Mae and Nationstar is a violation of Rule 26. Defendants

must supplement their initial disclosures to provide Plaintiff with specific contact information for representatives from Fannie Mae and Nationstar.

**C. Plaintiff has not shown that Defendants have failed to make the loan file unavailable for inspection or copying.**

Plaintiff next asserts that Defendants violated Rule 26 by failing to identify the location of the loan file in Citibank's possession. Under Rule 26(a)(1)(A)(ii), parties "must provide a copy—or a description by category and location—of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Here, Defendants' initial disclosures identified only the "loan file" and did not describe the location of the file. This disclosure is insufficient under Rule 26.

It is unclear, however, whether Defendants failed to supplement the disclosures as Plaintiff alleges. Rule 26(e) provides that a party must supplement or correct disclosures in a timely manner if the information "has not otherwise been made known to the other parties." Mr. Hunter acknowledges that his assistant called Mr. McIntosh to arrange a time to view the original Note. However, the initial disclosures do not identify the Note separately from the Loan File. The facts available to the Court therefore suggest that Mr. Hunter understood the Note to be contained within the Loan File. This reading is also consistent with Mr. McIntosh's recollection that Mr. Hunter's assistant called to set up a time to view the Loan File. Mr. Hunter's correspondence with Mr. McIntosh therefore suggests he had

ORDER - 8

knowledge that the Loan File was located at Mr. McIntosh's office. Accordingly, it is not clear that Defendants had a duty to supplement their disclosures with the location of the loan file.

If they have not already done so, Defendants shall provide a written description of the location of the Loan File on or before October 27, 2017. The Court expects that there will be no further disputes regarding the inspection of the Loan File or its contents.

**D. Defendants' are not claiming any damages and therefore need not disclose any information on this point.**

Finally, Plaintiff argues that Defendants failed to comply with Rule 26 by failing to give a computation of each category of damages claimed and failing to make available for inspection and copying the documents on which the damages computation is based. Under Rule 26, a party must disclose a "computation of each category of damages *claimed by the disclosing party*." Fed. R. Civ. P. 26(A)(1)(a)(iii) (emphasis added). Defendants are not claiming any damages. This rule therefore does not apply. To the extent Plaintiff seeks information relating to the computation of Ms. Renfroe's outstanding loan balance, initial disclosures on this claim are not the proper mechanism to compel such information.

**E. Because Plaintiff partially prevailed on the motion, Plaintiff is entitled to recover a portion of the reasonable costs and fees associated with brining the motion.**

Plaintiff's motion to compel is not without merit. Plaintiff is correct that Defendants' did not technically comply with the rules of service when providing their initial disclosures. It appears that Plaintiff made reasonable efforts to confer with Defendants regarding the identification of Fannie Mae and Nationstar before filing this motion. Accordingly, the Court will impose sanctions on Defendants for the Rule 26 violation.

However, Plaintiff is not entitled to the full $600 requested in the motion. While one of Plaintiff's arguments was successful, the other two were unwarranted and almost entirely meritless. At best, Plaintiff's objection to Defendants damages calculations represents a misunderstanding of the rules that could have been remedied through diligent reading of the text before turning to the Court. The Court is also skeptical that the issue of the Loan File review could not be resolved without resort to judicial intervention. Accordingly, the Court will reduce the fee award to $200.

For the foregoing reasons, **IT IS HEREBY ORDERED**:

**1.** Plaintiff's Motion to Compel Supplemental Disclosures, **ECF No. 47**, is **GRANTED in part and DENIED in part**.

**A.** Defendants shall not serve documents that are not filed with the Court using electronic means unless Plaintiff provides written consent to electronic service pursuant to Fed. R. Civ. P. 5(b)(2)(E).

**B.** Defendants shall provide supplemental disclosures regarding contact persons for Fannie Mae and Nationstar on or before **November 3, 2017**.

**C.** Defendants shall provide a written description of the location of the loan file on or before **November 3, 2017**.

**D.** Defendants shall **REIMBURSE** Plaintiff in the amount of **$200.00** for the costs and fees associated with bringing this motion.

**DATED** this 26th day of October 2017.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER - 11