HONORABLE SALVADOR MENDOZA, JR.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON STATE

| | |
|---|---|
| JAN M. RENFROE,<br>    Plaintiff,<br>v.<br>QUALITY LOAN SERVICE CORP. OF WASHINGTON; BANK OF AMERICA, N.A., successor by merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP; CITIBANK, N.A. as trustee of NRZ PASS-THROUGH TRUST VI; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br>    Defendants. | No. 2:17-cv-00194-SMJ<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |
| THE BANK OF NEW YORK MELLON as trustee on behalf of the CERTIFICATEHOLDERS OF THE CWHEQ, INC., CWHEQ Revolving Home Equity Loan Trust, Series 2006-C,<br>    Nominal Defendants. | |

Plaintiff Jan M. Renfroe ("Plaintiff") and the remaining defendants, QUALITY LOAN SERVICE CORP. OF WASHINGTON ("QLS"), CITIBANK, N.A. as trustee of NRZ PASS-THROUGH TRUST VI ("NRZ"); and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS) each by and through counsel of record, hereby present this Joint Status Report in response to the Court's Orders dated June 6, 2019 and July 1, 2019; and in accord with FED. R. CIV. P. 16(c) and 26(f). The parties certify that on June 27, 2019 and at later times, their counsel conferred to prepare this report. Counsel most recently conferred on August 20, 2019.

JOINT STATUS REPORT AND DISCOVERY PLAN
2:19-cv-00356
Page 1

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA 98802
(509) 663-2966

The parties state as follows:

**a)     Whether the parties have notified the Clerk's Office if they consent to the case being heard by a full-time U.S. Magistrate Judge,** *see* **28 U.S.C. § 636.**

Parties do not consent to a full-time U.S. Magistrate Judge.

**b)     Whether jurisdiction and venue exist and, if they do exist, the basis for each.**

Jurisdiction is disputed. Defendants believe the Court has jurisdiction on the basis of diversity. Plaintiff disputes diversity jurisdiction in light of a tardy notice of removal and does not waive her jurisdictional argument by way of this report. Venue is appropriate because this Court embraces the county in which the real property is located.

**c)     Whether service of process is complete and, if not, a deadline for completion.**

Service is complete.

**d)     Brief description of the claims and defenses.**

This case involves the pending non-judicial foreclosure sale of Plaintiff's home in Okanogan County, Washington. In 2005, plaintiff offered her home as security under a deed of trust for a home loan. Foreclosure proceedings commenced against the home when loan payments were late.

Plaintiff filed her state court complaint, bearing Case Number 17-2-00156-4, on April 3, 2017 to pursue declaratory relief concerning Washington's Deed of Trust Act (RCW 61.24, *et seq.*), Washington's Consumer Protection Act (RCW 19.86, *et seq.*) and for quiet title, *inter alia*. Plaintiff affirmatively pled, *inter alia*, that defendants' efforts to foreclose were beyond the applicable statute of limitations. Defendants' countered that a default notice was served before the statutory time limit expired.

Plaintiff moved to enjoin the foreclosure in Washington State Superior Court. The state

JOINT STATUS REPORT AND DISCOVERY PLAN
2:19-cv-00356
Page 2

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA 98802
(509) 663-2966

court restrained the trustee sale from further proceedings.

Citibank, N.A. serving as trustee for NRZ, a securitized trust, removed the case to this court. This District Court rejected plaintiff's arguments about notice defects and timeliness and granted summary judgment in favor of Defendants.

Plaintiff appealed the decision to grant summary judgment. The panel agreed with the District Court, but plaintiff sought panel review to consider the recent Washington appellate case, *Cedar W. Owners Ass'n v. Nationstar Mortg. LLC*, 7 Wn. App. 2d 473, 434 P.3d 554 (2019). Plaintiff argues that the *Cedar West* court held that notices of default cannot toll the statute of limitations. The Ninth Circuit Court of Appeals remanded to this District Court in response to Plaintiff Renfroe's petition for panel review pursuant to FRAP 40.

**e)    Whether a statute's constitutionality is being challenged,** *see* **LR 24.1 (Fed. R. Civ. P. 5.1.)**

No.

**f)    Whether the matter may be pursued as a class action, and if so, 1) a suggested motion-for-class-certification-filing deadline, and 2) what type of class action may be pursued,** *see* **LR 23.1 (Fed. R. Civ. P. 23.).**

No, but plaintiff reserves her right to pursue class action claims.

**g)    Any issues that should be certified to a state supreme court.**

No, but the parties reserve their right to seek certification.

**h)    Suggested deadline for amending the pleadings.**

The parties agree that a reasonable deadline for amending pleadings is 120 days from the date this Joint Status Report is filed. The parties therefore propose a deadline of November 28, 2019 for amending pleadings in this action.

JOINT STATUS REPORT AND DISCOVERY PLAN
2:19-cv-00356
Page 3

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA  98802
(509) 663-2966

**i)  Suggested deadline for adding additional parties.**

The parties agree that a reasonable deadline for joining additional parties is 120 days from the date this Joint Status Report is filed. The parties therefore propose a deadline of November 28, 2019 for joining additional parties in this action.

**j)  Whether a non-government corporate party filed the necessary ownership statement,** *see* **Fed. R. Civ. P. 7.1.**

Parties filed corporate statements.

**k)  Whether the case involves a minor or incompetent party and whether the appointment of a guardian ad litem is necessary,** *see* **LR 17.1.**

Not applicable.

**l)  Discovery:**

- <u>Any issues about preserving discoverable information.</u>

The parties have put into place measures for record preservation and avoidance of spoliation.

- <u>Claims of privilege or protection.</u>

If a party contends that any document is privileged, in whole or in part, then the party producing the document shall produce so much of each such document as does not contain any allegedly privileged information and furnish a written statement setting forth as to each such document (or portion thereof):

1. The name(s) and address(es) of the author(s) of the document;
2. The name(s) and address(es) of the addressee(s) of the document and all persons to whom the document, or a copy thereof, has at any time been provided or shown;

JOINT STATUS REPORT AND DISCOVERY PLAN
2:19-cv-00356
Page 4

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA 98802
(509) 663-2966

  3. A brief description of the form and subject matter of the document or excised portion thereof; and

  4. The nature of the privilege asserted.

- <u>Proposed modifications to the standard discovery procedures, including bifurcation and/or consolidation of discovery.</u>

At this time, the parties do not propose any changes to the limitations imposed on discovery under the Federal Rules of Civil Procedure and Local Civil Rules. There appears to be no need for bifurcation or consolidation at this time.

- <u>Suggested expert disclosure deadlines.</u>

The parties agree that the cutoff to identify experts should be 120 days prior to the proposed trial date.

- <u>Suggested discovery cut-off.</u>

The parties agree that the cutoff to complete discovery should be 90 days prior to the proposed trial date.

- <u>Any anticipated Fed. R. Evid 502 agreements relating to inadvertent disclosure.</u>

Parties are to follow the applicable RPC regarding inadvertent disclosures.

**m)  Proposed protective orders/confidentiality agreements which shall be submitted as an attachment to the Rule 26(f) report.**

The attorneys for the plaintiff and defendants held an initial FRCP 26(f) conference and do not foresee the need for any protective order or confidentiality agreement at this time.

The parties' initial disclosures were submitted before the appeal in or about June 2017. The parties conducted additional discovery before the appeal was filed and additional discovery should be limited. The plaintiff anticipates propounding written discovery to assess the correct debt amount in light of *Cedar West* and to determine the date removal notice was filed. Defendants anticipate discovery as to plaintiffs' debt acknowledgment(s).

JOINT STATUS REPORT AND DISCOVERY PLAN
2:19-cv-00356
Page 5

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA 98802
(509) 663-2966

**n)    Anticipated motions and suggested dispositive motion filing deadline.**

Plaintiff anticipates filing a motion to dismiss the case for want of timely filing of the removal notice. Defendants will also file a dispositive motion, on the merits. Dispositive motions should be filed 90 days before trial.

**o)**

- Suggested trial date is December 1, 2020.
- Plaintiff requested a jury trial. Length of trial is 6 days.
- No need for bifurcation.
- No need for special audio / vision courtroom technology

**p)    The likelihood for settling or resolving the case and the point at which the parties can conduct meaningful dispute resolution.**

Mediation was conducted during the appeal. Parties have and will continue to explore alternative dispute resolution.

**q)    Any other matters that may be conducive to the just, efficient, and economical determination of the action.**

At this time, the parties have no suggestions for shortening the case. The parties agree that electronic service via ECF or e-mail will be considered personal service for purposes of eliminating the three-day extension for responses, provided that e-mail service is made upon all counsel of record.

DATED this 20th day of August, 2019.

Attorney for Plaintiff Jan M. Renfroe

/s/ Robert K. Hunter, Jr. WSBA #28909
THE HUNTER LAW FIRM PLLC
645 Valley Mall Pkwy Suite 200
East Wenatchee, WA 98802
Tel: (509) 663-2966
Email: robert@hunter4law.com

JOINT STATUS REPORT AND DISCOVERY PLAN
2:19-cv-00356
Page 6

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA 98802
(509) 663-2966

| | | |
|---|---|---|
| | Attorney for Defendants Citibank N.A. and Mortgage Electronic Registration Systems, Inc. | /s/ Joseph Ward McIntosh, WSBA # 39470<br>MCCARTHY & HOLTHUS, LLP<br>108 1st Ave S, Ste 300<br>Seattle, WA 98104<br>Tel: (206) 319-9049<br>Email: jmcintosh@mccarthyholthus.com |
| | Attorney for Defendant Quality Loan Service Corporation of Washington | /s/ Robert W. McDonald, WSBA #43842<br>QUALITY LOAN SERVICE CORPORATION OF WASHINGTON<br>108 1st Ave S, Ste 202<br>Seattle, WA 98104<br>Tel: (206) 319-9054 rmcdonald@qualityloan.com |

JOINT STATUS REPORT AND DISCOVERY PLAN
2:19-cv-00356
Page 7

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA 98802
(509) 663-2966