Robert K. Hunter, Jr., WSBA #28909       HONORABLE SALVADOR MENDOZA, JR.
THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA 98802
Telephone: (509) 663-2966
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAN M. RENFROE,<br><br>         Plaintiff,<br><br>v.<br><br>QUALITY LOAN SERVICE CORP. OF WASHINGTON, et. al,<br><br>         Defendants.<br>THE BANK OF NEW YORK MELLON,<br><br>         Nominal Defendants. | No. **2:17-cv-00194**<br><br>**AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTION, VIOLATION OF THE CONSUMER PROTECTION ACT AND QUIET TITLE** |

COMES NOW the Plaintiff who seeks a declaratory judgment pursuant to the Washington Uniform Declaratory Judgments Act, RCW 7.24, *et seq.*, and for damages, equitable and other relief. Plaintiff states her claims as follows:

### I. PARTIES

1   Plaintiff JAN M. RENFROE is an individual and the owner of the real property commonly known as 193 Golden Road, Oroville, Okanogan County, WA 98844 (the "Home) and legally described in the Attached **Exhibit B** and denoted by Assessor Parcel Number: 4027330030.

2   Defendant QUALITY LOAN SERVICE CORP. of Washington ("QLS") is incorporated in the State of Washington, and which purports to have been appointed as the trustee to conduct a

non-judicial foreclosure sale of the Home on April 28, 2017.

3       Defendant CitiBank, N.A. is named in the Notice of Sale as trustee for NRZ Pass-Through Trust VI.  Based upon information and belief, NRZ Trust is a securitized trust whose situs is unknown.

4       Defendant BANK OF AMERICA, N.A. is a national bank, incorporated in Delaware with its principal place of business in Charlotte, North Carolina. BOA conducts business in Washington State by acting as a mortgage lender and mortgage loan servicer.  Based upon information and belief, plaintiff alleges that BANK OF AMERICA, N.A. merged with a loan servicer named BAC Home Loans Servicing, LP which had acquired Countrywide Home Loans Servicing, LP.  (BANK OF AMERICA, N.A. and its predecessors, including BAC Home Loans Servicing, LP are collectively referred to herein as "BOA")

5       Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, Inc. ("MERS") is a Delaware corporation which is not registered as a foreign corporation with the Washington Secretary of State.

6       Based upon information and belief, a nominal defendant who has an interest in the Home is the CERTIFICATE HOLDERS OF THE CWHEQ, INC., CWHEQ Revolving Home Equity Loan Trust, Series 2006-C (CWHEQ).  CWHEQ is named as the beneficiary under a subordinate deed of trust assigned by Countrywide Bank, N.A as noted in an Assignment of Deed of Trust for a home equity line of credit, dated June 22, 2012.  Based upon information and belief, plaintiff alleges that CWHEQ was a wholly-owned subsidiary of Countrywide that pooled mortgages, including the deed of trust at issue herein, to convert them to a securitized trust. Based upon information and belief, the BANK OF NEW YORK MELLON is trustee for CWHEQ.

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTION, VIOLATION OF THE CONSUMER PROTECTION ACT & QUIET TITLE
Page 2

THE HUNTER LAW FIRM, PLLC
645Valley Mall Parkway, Suite 200
East Wenatchee, WA 98802
(509) 663-2966

BNYM is a foreign corporation that is organized under the laws of Delaware with its principal place of business in New York, New York.

## II. JURISDICTION

7    The transgressions sued upon herein occurred in Okanogan County and the real property at issue is located in Okanogan County, Washington.

8    Jurisdiction was improperly removed to federal court by the filing a late notice of removal and plaintiff does not intend to waive her jurisdictional right to pursue her state case.

## III. FACTUAL ALLEGATIONS

9    On or about June 22, 1993, plaintiff purchased the Home and has owned it for almost 24 years. The original purchase loan had been paid off for four and one-half years when on November 15, 2005, Eagle Home Mortgage, Inc. (Eagle) loaned money to plaintiff to refinance her Home. At that time plaintiff signed a promissory note payable to Eagle. (Note) Attached as **EXHIBIT A** is a true and correct copy of the Note which is incorporated herein by this reference.

10    The Home was to serve as security for paying off the Note by way of deed of trust signed at the same time as the Note (Deed of Trust). Attached as **EXHIBIT B** is a true and correct copy of the Deed of Trust which is incorporated herein by this reference. The Deed of Trust listed Eagle as the lender and Defendant MERS as the "beneficiary."

11    Plaintiff alleges, upon information and belief, that MERS:

    a.  is not the Note Holder, as defined by the Uniform Commercial Code and the Washington Deed of Trust Act, RCW 61.24.105,

    b.  never had a beneficial interest under the Deed of Trust, and

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTION, VIOLATION OF THE CONSUMER PROTECTION ACT & QUIET TITLE
Page 3

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA 98802
(509) 663-2966

c. has never been entitled to receive any monies from Ms. Renfroe under the Deed of Trust or the Note.

12   Eagle endorsed the Note and made it payable "to the order of Countrywide Bank, N.A," thus converting it from being a bearer Note to being a Note with a special endorsement.

13   After many years of steady employment with the same employer, plaintiff sustained a loss of employment and income due to reasons beyond her control.

14   Plaintiff contacted Defendant BOA and/or its predecessor for servicing and collection of the subject loan and advised defendant or defendant's agent about her loss of employment. She asked BOA to work out a repayment agreement, but BOA's only advice was for plaintiff to not pay towards her Home loan so BOA could consider her for a loan modification.

15   When plaintiff accepted BOA's advice and quit paying, she encountered difficulty in reaching a BOA representative who would help her to avoid further default and acceleration of the Home loan debt. On several occasions Ms. Renfroe attempted, but was unable to speak with anyone with BOA who would assist her. When plaintiff was able to reach a BOA representative, the representative told her that nothing could be done to assist her to avoid foreclosure unless she had the ability to make lump sum payments to get current on the mortgage in amounts that far exceeded her income or her ability to pay.

16   BOA advised plaintiff that partial payments toward the arrearage in the debt would not be accepted.

17   In 2009 through 2011, BOA eventually agreed to allow payments, but denied any modification after plaintiff made the payments. BOA locked plaintiff out of her online

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTION, VIOLATION OF THE CONSUMER PROTECTION ACT & QUIET TITLE
Page 4

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA 98802
(509) 663-2966

account, preventing her from checking her payment status.

18  On or about May 11, 2011, Defendant MERS held itself out to be the Note holder and signed an Assignment of Deed of Trust in that capacity.

19  Ms. Renfroe alleges, upon information and belief, that she has equity in her home which may be lost as a result of the pending foreclosure sale. She believes that she qualifies for a loan modification under Fannie Mae guidelines but that BOA prevented her from obtaining a loan modification, because it could make more money as the servicer if the foreclosure sale occurs.

20  The foreclosure is being improperly conducted as it is not being done by using timely notices that report the correct debt amount, if any, as required by the Deed of Trust Act RCW 61.24 et seq.

## IV. FIRST CAUSE OF ACTION (*DECLARATORY RELIEF*)
### as Against All Defendants

21  Plaintiff incorporates herein by reference as though fully set forth hereunder the allegations contained in Paragraphs 1-20, inclusive, hereinabove.

22  Each defendant has failed to comply with the DTA, leading to unnecessary injury being imposed upon plaintiff and could lead to the loss of her home unless the Court intervenes.

23  Plaintiff seeks a declaration that the DTA obligates defendants to use timely notices that report the correct debt amount if they continue to bring a non-judicial foreclosure to sell plaintiff's Home.

24  Plaintiff also seeks monetary damages for violations of the Consumer Protection Act.

## V. SECOND CAUSE OF ACTION (*INJUNCTIVE RELIEF*)
### as Against Defendants QLS and NRZ

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTION, VIOLATION OF THE CONSUMER PROTECTION ACT & QUIET TITLE
Page 5

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA 98802
(509) 663-2966

25	Plaintiff incorporates herein by reference as though fully set forth hereunder the allegations contained in Paragraphs 1-24, inclusive, hereinabove.

26	Defendants QLS and NRZ Trust are pursuing foreclosure without adhering to proper procedures laid out in the DTA.

27	Defendants' QLS and NRZ Trust present and prospective wrongful conduct, unless and until enjoined and restrained *pendente lite* by order of this Court, will cause irreparable injury to plaintiff in that plaintiff will continue to suffer damage as alleged above.

28	Plaintiff has no adequate remedy at law for the injuries hereinabove alleged which it is currently suffering and which are threatened in the future. It would be impossible for plaintiff to determine the precise amount of damages which it will suffer if the conduct of Defendants QLS and NRZ Trust is not enjoined and restrained. Without restraint plaintiff would need to institute a multiplicity of actions to obtain adequate compensation for its injuries each time it learns of another episode of a breach.

29	State court issued a temporary restraining order and a preliminary injunction to stop the pending foreclosure sale.

**VI. THIRD CAUSE OF ACTION** (*VIOLATION OF THE CONSUMER PROTECTION ACT*)
as Against All Defendants

30	Plaintiff incorporates herein by reference as though fully set forth at length each and every allegation and statement contained in Paragraphs 1 through 29, inclusive.

31	Defendants misrepresented the correct debt amount given that some of the debt expired due to the applicable statute of limitation. Ms. Renfroe alleges, based upon information and belief, that defendants have repeatedly made such misrepresentations to

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTION, VIOLATION OF THE CONSUMER PROTECTION ACT & QUIET TITLE
Page 6

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA 98802
(509) 663-2966

other Washington homeowners and/or there is a substantial likelihood that they will do so in the future.

32    The Notice of Trustee Sale did not identify the true debt amount. Some of the payments were no longer collectible being that they came due over six years before being demanded.

33    Defendant QLS owes duties under the Deed of Trust Act, RCW 61.24, *et seq.,* to strictly comply with the terms of the statute and to act in "good faith to the borrower, beneficiary, and grantor", RCW 61.24.010(4).

34    Renfroe had a statutory right to notice of the correct amount in default and the right to reinstate and cure that amount. Defendants Citibank and QLS did not comply with the DTA by proceeding with a foreclosure sale without first issuing a timely Notice of Default.

35    In spite of its statutorily imposed duties, Defendant QLS has not acted in good faith with regard to the initiation of the foreclosure proceeding regarding Ms. Renfroe's Home and making certain demands for payment.  QLS further violated its good faith duty by acting in concert with Citibank when it allowed Citibank to file an agreement between Renfroe and QLS on two separate dates, one on April 26, 2017 and the second on May 1, 2017.  The earlier date would not allow Citibank to remove this matter to federal court, and it filed the pleading again to exhibit the later filed document in its Notice of Removal.  Additionally, based upon information and belief, Citibank's former counsel who filed the documents twice had partners sitting on the QLS board to form a majority over the QLS decision making process.  Citibank and its counsel were so intertwined with QLS that QLS could not possibly make fair and impartial decisions as required by the DTA.

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTION, VIOLATION OF THE CONSUMER PROTECTION ACT & QUIET TITLE
Page 7

THE HUNTER LAW FIRM, PLLC
645Valley Mall Parkway, Suite 200
East Wenatchee, WA 98802
(509) 663-2966

36  Defendant QLS did not adhere to its duties of good faith to Ms. Renfroe and it has not materially complied with the provisions of the DTA.

37  Defendant QLS has not been appointed as the Successor Trustee by the Note holder or "Beneficiary" as defined by the DTA. Therefore. Defendant QLS is not the Trustee and therefore does not have legal authority to initiate the foreclosure sale of the Home.

38  In spite of the fact that Defendant QLS has not been appointed as the Successor Trustee by the Note Holder, it initiated a foreclosure action in its purported capacity as a trustee by causing to be signed and served upon Ms. Renfroe Notice of Foreclosure and a Notice of Trustee's Sale with incorrect information.

39  Ms. Renfroe alleges, based upon information and belief, that Defendant QLS is not the true servicer, but instead Nationstar Mortgage LLC is the servicer.

40  Therefore, Ms. Renfroe maintains that Defendant QLS is in breach of its duties as a purported trustee under the Deed of Trust Act and is therefore liable to her for those actions.

41  Defendants QLS is a debt collector and accordingly obligated to adhere to the Collection Agency Act, RCW 19.16, *et seq*. (CAA) QLS' conduct to foreclose against the Home based upon payments ~~is~~ beyond the applicable statute of limitations and, thus, violates the CAA per se.

42  All defendants have engaged in a pattern of unfair and deceptive business practices in violation of the Washington Consumer Protection Act, RCW 19.86 *et seq.* (CPA)*,* as more particularly described herein.

43  Defendants' conduct harmed plaintiff by causing her to incur costs to learn who holds her loan documents, such as mileage to and from Okanogan County Auditor, postage fees,

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTION, VIOLATION OF THE CONSUMER PROTECTION ACT & QUIET TITLE
Page 8

THE HUNTER LAW FIRM, PLLC
645Valley Mall Parkway, Suite 200
East Wenatchee, WA 98802
(509) 663-2966

copy fees, and other monetary costs.

44    Based upon information and belief, plaintiff alleges that defendants' conduct further injured plaintiff by causing her to remit payments to an entity that was not entitled to receive payment under the Deed of Trust and/or Note.

45    Defendants' conduct further injured plaintiff by causing her to consult attorneys to dispel uncertainty regarding the nature of an alleged debt and to obtain loan modifications. Defendants' conduct further injured plaintiff by denying her the chance to obtain a reasonable loan modification because BOA refused to participate in negotiations in good faith.

46    Fees were illegally added to plaintiff's debt and she incurred expenses in investigating their legality.

47    Plaintiff is entitled to equitable relief by having illegal fees stricken.

48    Based upon information and belief, plaintiff alleges that she was harmed by making payments towards her Home loan that were not applied to the loan.

49    The violations of CPA by defendants entitle plaintiff to damages, treble damages and reasonable attorney fees and costs pursuant to the statute, as well as permanent injunctive relief to make certain that other Washington consumers are not similarly harmed by the actions of these Defendants.

### VII. **FOURTH CAUSE OF ACTION** (*QUIET TITLE*)
as Against All Defendants

50    Plaintiff incorporates herein by reference as if fully set forth hereunder the allegations hereinabove contained in Paragraphs 1 - 49, inclusive.

51    Plaintiff is entitled to have her interests in the land at issue in fee simple.  Plaintiff is also entitled to bar the defendants from having or asserting any right, title, estate, lien or

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTION, VIOLATION OF THE CONSUMER PROTECTION ACT & QUIET TITLE
Page 9

The Hunter Law Firm, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA 98802
(509) 663-2966

interest on or to the land at issue adverse to plaintiff.

52   Plaintiff has not yet ascertained the exact amount of damages by reason of defendants actions herein alleged.  If required, plaintiff will seek the Court's leave to amend this Complaint to set forth that amount when ascertained.

### VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1   For a declaration that defendants must identify the proper debt amount, if any, in timely notices if it pursues foreclosure against plaintiff;

2   For a temporary and permanent injunction restraining the sale of the Home;

3   For a temporary and permanent injunction prohibiting foreclosure proceedings against the Home by any entity or person until further order of this Court;

4   Injunctive relief which may be available under the CPA against the Defendants prohibiting them from engaging in the prohibited acts in the future;

5   For money judgment against Defendants to compensate plaintiff for

   a)   General damages in an amount to be determined at trial;

   b)   Treble damages for each and every violation of the Consumer Protection Act, and

   c)   Pre and post judgment interest at the highest rate allowable by law;

   d)   For Plaintiff's reasonable attorney's fees and costs incurred;

6   For possession and fee simple title of the Home; and

7   For any and such further relief as the Court deems equitable and just.

DATED this 29th day of November, 2019.   s/ Robert K. Hunter, Jr.
                                          ROBERT K. HUNTER, JR. WSBA #28909
                                          Attorney for Plaintiff

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTION, VIOLATION OF THE CONSUMER PROTECTION ACT & QUIET TITLE
Page 10

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA 98802
(509) 663-2966

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA 98802
Telephone: (509) 663-2966
Email: robert@hunter4law.com

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTION, VIOLATION OF THE CONSUMER PROTECTION ACT & QUIET TITLE
Page 11

THE HUNTER LAW FIRM, PLLC
645Valley Mall Parkway, Suite 200
East Wenatchee, WA 98802
(509) 663-2966