FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 07, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAN M. RENFROE,<br><br>                Plaintiff,<br><br>    v.<br><br>CITIBANK, N.A. as trustee of NRZ PASS-THROUGH TRUST VI; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; QUALITY LOAN SERVICE CORP. OF WASHINGTON,<br><br>                Defendants. | No.   2:17-cv-00194-SMJ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND** |

Before the Court, without oral argument, is Plaintiff Jan Renfroe's Motion for Leave of Court to Amend Her Complaint, ECF No. 109. Plaintiff seeks to amend her complaint, ECF No. 1-1 at 1–11, to supply additional facts, add alternative theories of liability, interpose an objection to the case's removal from state court, and correct various typographical errors. *See* ECF No. 110-2 at 1–11. No Defendant opposes amendment. Having reviewed the briefing and the file in this matter, the Court is fully informed and grants the motion in part and denies it in part.

Federal Rule of Civil Procedure 15(a)(2) provides that a party seeking to amend a pleading after the deadline to do so as a matter of course has passed may

do so "only with the opposing party's written consent or the court's leave." The rule instructs that the Court "should freely give leave when justice so requires." *Id.* The Court must apply this policy with "extreme liberality." *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960); *accord Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018).

The Court may deny a party leave to amend a pleading "only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[T]he consideration of prejudice to the opposing party carries the greatest weight." *Id.* (alteration in original) (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

The motion is timely under the Court's Scheduling Order. Plaintiff moved to amend her complaint on the deadline to do so, November 29, 2019. *See* ECF No. 109; ECF No. 106 at 2. Plaintiff has not previously sought leave to amend. The proposed amendments do not appear to be motivated by bad faith or dilatory motive and would not unduly prejudice Defendant. However, the Court denies one proposed amendment as improper. Specifically, Plaintiff attempts to interpose an

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND **-** 2

objection to the Court's jurisdiction, proposing to insert the claim that "[j]urisdiction was improperly removed to federal court by the filing of a late notice of removal and plaintiff does not intend to waive her jurisdictional right to pursue her state case." ECF No. 110-2 at 3. A complaint must set forth "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Plaintiff proposes to do the opposite, inserting into the complaint the allegation that the Court *lacks* jurisdiction. *See* ECF No. 110-2 at 3. Such a claim would be suitable in an appropriate motion, but not a pleading. *See generally* Fed. R. Civ. P. 8.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Leave of Court to Amend Her Complaint, **ECF No. 109**, is **GRANTED IN PART** and **DENIED IN PART**.

    A. Plaintiff shall file an amended complaint consistent with ECF No. 110-1 and the Court's ruling set out above by no later than **February 17, 2020**.

//
//
//
//
//
//

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND **-** 3

   ***B.***  The amended complaint may include all of Plaintiff's proposed amendments with the exception of the proposed objection to the Court's jurisdiction, *see* ECF No. 110-2 at 3.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this  7th  day of February 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

\\waed.circ9.dcn\Data\SMJ\Civil\2017\Renfroe v. Citibank National Association et al-0194\Order Granting Motion to Amend.docx

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND **-** 4