Daniel J. Gibbons, WSBA No. 33036
Witherspoon · Kelley
422 W. Riverside Avenue, Suite 1100
Spokane, WA 99201-0300
Phone: (509) 624-5265
Fax: (509) 458-2728
djg@witherspoonkelley.com

Taylor T. Haywood, *Admitted Pro Hac Vice*
Akerman LLP
1900 Sixteenth Street, Suite 1700
Denver, CO 80202
Phone: (303) 640-2531
Fax: (303) 260-7714
taylor.haywood@akerman.com

*Attorneys for defendants Citibank, N.A., as Trustee of NRZ Pass-Through Trust VI and Mortgage Electronic Registration Systems, Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**
**AT SPOKANE**

| | |
|---|---|
| JAN M. RENFROE,<br><br>    Plaintiff,<br><br>v.<br><br>QUALITY LOAN SERVICE CORP. OF WASHINGTON *et al*,<br><br>    Defendants. | Case No.: 2:17-cv-00194-SMJ<br><br>**CITIBANK, N.A., AS TRUSTEE OF NRZ PASS-THROUGH TRUST VI'S MOTION TO STRIKE JURY DEMAND** |

Defendant Citibank, N.A., as trustee of NRZ Pass-Through Trust VI moves for an order striking plaintiff Jan M. Renfroe's jury demand.

I.    <u>INTRODUCTION</u>

Ms. Renfroe's only has one remaining claim: a quiet title claim. She does not have a right to a jury on this claim. The court should strike her jury demand and re-set this case for

CITIBANK, N.A. AS TRUSTEE OF NRZ - 1
PASS-THROUGH TRUST VI'S MOTION TO
STRIKE JURY DEMAND
NO. 2:17-CV-00194-SMJ

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

a bench trial.

## II. PROCEDURAL HISTORY

### A. The court previously granted summary judgment

Ms. Renfroe commenced this action in 2017, asserting claims for (**1**) declaratory relief (premised on an alleged DTA violations); (**2**) injunctive relief (premised on alleged DTA violations); (**3**) CPA violations; and (**4**) quiet title. (ECF No. 1-1.) She filed a jury demand on June 8, 2017. (ECF No. 3.)

Citibank and Mortgage Electronic Registration Systems, Inc. (**MERS**) moved for summary judgment. (ECF No. 4.) The court granted the motion in December 2017. (ECF No. 78.) The court found defendants "acted with proper authority and in compliance with the DTA" in awarding summary judgment on the declaratory relief and injunction claims (collectively, the **DTA claims**). (ECF No. 78 at 14-15.) The court found the quiet title claim fails as a matter of law because Bank of America, N.A. "timely initiated foreclosure when it sent the 2014 notice of default." (*Id.* at 14-15.) The court granted summary judgment on the CPA claim because Ms. Renfroe "fails to allege facts sufficient to establish a prima facie case for a private [cause of action]." (*Id.* at 18.)

### B. The Ninth Circuit remanded the quiet title claim

Ms. Renfroe appealed the court's ruling to the Ninth Circuit. (ECF No. 86.) It initially affirmed this court's summary judgment order in its entirety. (ECF No. 94.) But then it revised its opinion to affirm in part and reverse in part. (ECF. No. 100.) It affirmed the court's decision to grant summary judgment on the DTA and CPA claims, but vacated the order granting summary judgment on the quiet title claim. (*Id.* at 2.) The court did so because "[a]fter [this] court issued its order, there were significant developments in Washington case law" bearing on the statute of limitations issue Ms. Renfroe's claim presents. (*Id.* at 4.) The court issued its mandate in August 2019. (ECF No. 102.)

///

CITIBANK, N.A. AS TRUSTEE OF NRZ - 2
PASS-THROUGH TRUST VI'S ANSWER AND
AFFIRMATIVE DEFENSES
NO. 2:17-CV-00194-SMJ

AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

## C. Ms. Renfroe then secured leave to amend, but opted not to amend

Ms. Renfroe moved for leave to amend following the mandate. (ECF No. 109.) Her motion explains "[n]ew facts came to light after filing the appeal" demonstrating Citibank and defendant Quality Loan Service Corp. of Washington "did not act in good faith" and "[a]dditional facts are added . . . to address the Court of Appeals ruling." (*Id.* at 2.) The court granted the motion in part in February, instructing Ms. Renfroe to file an amended complaint consistent with the court's ruling by February 17, 2020. (ECF No. 114.)

Ms. Renfroe did not file an amended complaint and instead informed the undersigned she would not be amending, and that Citibank needed to answer the original complaint. Citibank subsequently filed its answer, answering the allegations in the original complaint. (ECF No. 115.) Citibank answered all allegations in abundance of caution, but based on the Ninth Circuit's order, Ms. Renfroe's quiet title claim—as pled in the original complaint—is her only remaining claim.

## D. This case is set for a jury trial

The court entered a scheduling order on November 13, 2019. (ECF No. 106.) The court set a six-day jury trial beginning on November 30, 2020. (*Id.* at 15.)

## IV. ARGUMENT

Ms. Renfroe's only remaining claim is a quiet title claim. "[T]he law is clear that if the remedy sought is to quiet title . . . it is not to be tried by a jury." *In re Bays*, No. A03-00237-JAR, 2010 WL 3190578 (Bankr. E.D. Wash. Aug. 11, 2020) (citations omitted). "This view has been adopted not only by the federal courts but also by the State of Washington going back to territorial days." *Id.* (*citing Durrah v. Wright,* 115 Wash. App. 634, 641 (2003); *Finch v. Matthews*, 74 Wash.2d 161, 166 (1968)). The court should strike Ms. Renfroe's jury demand accordingly.

*In re Bays* is instructive. There, the plaintiff sought to quiet title to a particular property and demanded a jury. 2010 WL 3190578, at *1, *3. The bankruptcy trustee

CITIBANK, N.A. AS TRUSTEE OF NRZ - 3
PASS-THROUGH TRUST VI'S ANSWER AND
AFFIRMATIVE DEFENSES
NO. 2:17-CV-00194-SMJ

AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

contended the plaintiff's interest had been forfeited. *Id.* Characterizing the action as "an action for quiet title," the court concluded the plaintiff "is not entitled to a jury trial on the issues before the court." *Id.* at *4.

### VI. CONCLUSION

Ms. Renfroe does not have a right to a jury trial on her quiet title claim. The court should strike her jury demand and re-set this case for a bench trial.

DATED this 25th day of June, 2020.

WITHERSPOON · KELLEY

By: */s/ Daniel J. Gibbons*
Daniel J. Gibbons, WSBA #33036
djg@witherspoonkelley.com
422 W. Riverside Avenue, Suite 1100
Spokane, WA 99201-0300
Phone: (509) 624-5265
Fax: (509) 458-2728

AKERMAN LLP

By: */s/ Taylor T. Haywood*
Taylor T. Haywood (Admitted *Pro Hac Vice*)
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 260-7712
Fax: (303) 260-7714
Email: taylor.haywood@akerman.com

*Attorneys for defendants Citibank, N.A., as Trustee of NRZ Pass-Through Trust VI and Mortgage Electronic Registration Systems, Inc.*

CITIBANK, N.A. AS TRUSTEE OF NRZ - 4
PASS-THROUGH TRUST VI'S ANSWER AND
AFFIRMATIVE DEFENSES
NO. 2:17-CV-00194-SMJ

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712