Daniel J. Gibbons, WSBA No. 33036
Witherspoon · Kelley
422 W. Riverside Avenue, Suite 1100
Spokane, WA 99201-0300
Phone: (509) 624-5265
Fax: (509) 458-2728
djg@witherspoonkelley.com

Taylor T. Haywood, *Admitted Pro Hac Vice*
Akerman LLP
1900 Sixteenth Street, Suite 1700
Denver, CO 80202
Phone: (303) 640-2531
Fax: (303) 260-7714
taylor.haywood@akerman.com

*Attorneys for defendants Citibank, N.A., as Trustee of NRZ Pass-Through Trust VI and Mortgage Electronic Registration Systems, Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**
**AT SPOKANE**

| | |
|---|---|
| JAN M. RENFROE,<br><br>Plaintiff,<br><br>v.<br><br>QUALITY LOAN SERVICE CORP. OF WASHINGTON *et al*,<br><br>Defendants. | Case No.: 2:17-cv-00194-SMJ<br><br>**CITIBANK, N.A., AS TRUSTEE OF NRZ PASS-THROUGH TRUST VI'S MOTION FOR SUMMARY JUDGMENT**<br><br>10/9/2020<br>Without Oral Argument |

Defendant Citibank, N.A., as trustee of NRZ Pass-Through Trust VI, moves for summary judgment on plaintiff Jan M. Renfroe's quiet title claim

CITIBANK, N.A. AS TRUSTEE OF NRZ - 1
PASS-THROUGH TRUST VI'S MOTION FOR
SUMMARY JUDGMENT
NO. 2:17-CV-00194-SMJ

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

54273365;1

pursuant to Rule 56, on the grounds there is no genuine issue of material fact and Citibank is entitled to judgment as a matter of law.

## I. INTRODUCTION

The Ninth Circuit remanded Ms. Renfroe's quiet title claim due to "significant developments in Washington case law" bearing on the statute of limitations issue Ms. Renfroe's quiet title claim presents. But none of the recent case law developments support Ms. Renfroe's claim Citibank did not timely initiate foreclosure. Prior loan servicer Bank of America, N.A. (**BANA**) served its notice of default and Citibank served its notice of trustee's sale within six years of Ms. Renfroe's default. The court should grant Citibank summary judgment on Ms. Renfroe's only remaining claim.

## II. PROCEDURAL HISTORY

### A. The court previously granted summary judgment

Ms. Renfroe commenced this action in 2017, asserting claims for (**1**) declaratory relief (premised on an alleged DTA violations); (**2**) injunctive relief (premised on alleged DTA violations); (**3**) CPA violations; and (**4**) quiet title. (ECF No. 1-1.) Citibank and MERS moved for summary judgment. (ECF No. 4.) The court granted the motion in December 2017. (ECF No. 78.) The court found defendants "acted with proper authority and in compliance with the

CITIBANK, N.A. AS TRUSTEE OF NRZ - 2
PASS-THROUGH TRUST VI'S MOTION FOR
SUMMARY JUDGMENT
NO. 2:17-CV-00194-SMJ

AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

54273365;1

1 DTA" in awarding summary judgment on the declaratory relief and injunction

2 claims (collectively, the **DTA claims**). (ECF No. 78 at 14-15.) The court

3 found the quiet title claim fails as a matter of law because BANA "timely

4 initiated foreclosure when it sent the 2014 notice of default." (*Id.* at 14-15.)

5 The court granted summary judgment on the CPA claim because Ms. Renfroe

6 "fails to allege facts sufficient to establish a prima facie case for a private [cause

7 of action]." (*Id.* at 18.)

### B. The Ninth Circuit remanded the quiet title claim

Ms. Renfroe appealed the court's ruling to the Ninth Circuit. (ECF No. 86.) It initially affirmed this court's summary judgment order in its entirety. (ECF No. 94.) But then it revised its opinion to affirm in part and reverse in part. (ECF. No. 100.) It affirmed the court's decision to grant summary judgment on the DTA and CPA claims, but vacated the order granting summary judgment on the quiet title claim. (*Id.* at 2.) The court did so because "[a]fter [this] court issued its order, there were significant developments in Washington case law" bearing on the statute of limitations issue Ms. Renfroe's claim presents. (*Id.* at 4.) The court issued its mandate in August 2019. (ECF No. 102.)

///

CITIBANK, N.A. AS TRUSTEE OF NRZ - 3
PASS-THROUGH TRUST VI'S MOTION FOR
SUMMARY JUDGMENT
NO. 2:17-CV-00194-SMJ

AKERMAN LLP

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

54273365;1

### C. Only Ms. Renfroe's quiet title claim remains

Ms. Renfroe moved for leave to amend following the mandate. (ECF No. 109.) Her motion explains "[n]ew facts came to light after filing the appeal" demonstrating Citibank and defendant Quality Loan Service Corp. of Washington (**QLS**) "did not act in good faith" and "[a]dditional facts are added . . . to address the Court of Appeals ruling." (*Id.* at 2.) The court granted the motion in part, instructing Ms. Renfroe to file an amended complaint consistent with the court's ruling by February 17, 2020. (ECF No. 114.)

Ms. Renfroe did not file an amended complaint and instead informed the undersigned she would not be amending, and that both Citibank and MERS needed to answer the original complaint. Citibank subsequently filed its answer, answering the allegations in the original complaint. (ECF No. 115.) Citibank answered all allegations in abundance of caution, but based on the Ninth Circuit's order, Ms. Renfroe's quiet title claim—as pled in the original complaint—is her only remaining claim.

///

///

///

///

CITIBANK, N.A. AS TRUSTEE OF NRZ - 4
PASS-THROUGH TRUST VI'S MOTION FOR
SUMMARY JUDGMENT
NO. 2:17-CV-00194-SMJ

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

54273365;1

## III. STATEMENT OF UNDISPUTED FACTS[1]

Ms. Renfroe obtained a $154,350 loan in 2005. (Declaration of Alan Blunt supporting motion for summary judgment (**Nationstar Decl.**) at ¶6 and Ex. 1.) She executed a note requiring monthly payments beginning in 2006 and continuing through 2035 in connection with the loan. (*Id.*) She secured the loan with a deed of trust on her Oroville property. (*Id.* at ¶7 and Ex. 2.)

Ms. Renfroe fell behind on the loan in 2009. (*Id.* at ¶10 and Ex. 5.) BAC Home Loans Servicing, LP (**BAC**) and BANA, as prior servicers, notified Ms. Renfroe of her default and provided an opportunity to cure on several occasions between June 2009 and January 2011. (*Id.* at ¶11 and Ex. 6.) Each letter instructed she must pay the past due amount within thirty days or "the mortgage payments will be accelerated[.]" (*Id.*)

Ms. Renfroe continued to periodically remit payments through November 2011. (*Id.* at ¶12 and Ex. 5.) BANA applied her most recent payment to the monthly payment due June 1, 2011, *i.e.* the oldest outstanding monthly

---

[1] Pursuant to LCivR 56(c)(1), Citibank separately files a statement of material facts not in dispute specifying the undisputed material facts relied upon in serial, numbered fashion.

CITIBANK, N.A. AS TRUSTEE OF NRZ - 5
PASS-THROUGH TRUST VI'S MOTION FOR
SUMMARY JUDGMENT
NO. 2:17-CV-00194-SMJ

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

54273365;1

1  payment. (*Id.*)

2  On June 21, 2013, BANA, as Ms. Renfroe's prior loan servicer, again
3  notified Ms. Renfroe of her default and provided an opportunity to cure and
4  avoid a future acceleration. (*Id.* at ¶13 and Ex. 7.) The letter instructs Ms.
5  Renfroe must pay $29,364.26 on or before July 31, 2013 to avoid a future
6  acceleration. (*Id.*) This represents the past-due amounts only, *i.e.*, the monthly
7  payments due from July 1, 2011, through the date of the letter. (*Id.*)

8  Ms. Renfroe did not timely cure, so BANA proceeded with foreclosure.
9  (*Id.* at ¶13 and Ex. 5.) BANA served a notice of default on Ms. Renfroe on or
10 about May 9, 2014, then Quality Loan Service Corp., as Citibank's trustee[2],
11 recorded a notice of trustee's sale on December 23, 2016. (*Id.* at ¶14 and Exs.
12 8, 9.) Ms. Renfroe obtained a restraining order—from the state court before
13 removal to this court—before the sale occurred. (ECF No. 13-1.) Based on the
14 restraining order and this litigation, Citibank, as the current deed of trust
15 beneficiary, has not yet proceeded to sale. (Nationstar Decl. at ¶15.)

16 ///

---

[2] Citibank has been the record deed of trust beneficiary since April 2016. (Nationstar Decl. ¶9 and Ex. 4.)

CITIBANK, N.A. AS TRUSTEE OF NRZ - 6
PASS-THROUGH TRUST VI'S MOTION FOR
SUMMARY JUDGMENT
NO. 2:17-CV-00194-SMJ

AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

54273365;1

## IV. LEGAL STANDARD

In evaluating a motion for summary judgment, courts must view all facts and draw all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). Summary judgment shall be granted if the moving party demonstrates "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *In re Caneva*, 550 F.3d 755, 761 (9th Cir. 2008).

## V. ARGUMENT

### A. Citibank timely initiated foreclosure

RCW 4.16.040(1) provides a six-year statute of limitations on promissory note and deeds of trust. When the note is paid installments, the six-year statute of limitations runs against each individual installment when it is due. *4518 S. 256th v. Karen L. Gibbon, P.S.*, 195 Wn. App. 423, 434, 382 P.3d 1, 6 (2017). However, when a note is accelerated, "the entire remaining balance becomes due and the statute of limitations is triggered for all installments that had not previously become due." *Id.* at 434-35, 382 P.3d at 6. "If the lender elects to accelerate the debt after a breach, the acceleration must be clearly and

CITIBANK, N.A. AS TRUSTEE OF NRZ - 7
PASS-THROUGH TRUST VI'S MOTION FOR
SUMMARY JUDGMENT
NO. 2:17-CV-00194-SMJ

AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

54273365;1

unequivocally stated expressed to the debtor." *Wa. Fed. v. Azure Chelan, LLC*, 195 Wn. App. 644, 663, 382 P.3d 20, 30 (2016).

Ms. Renfroe cannot prevail on her claim the statute of limitations expired before Citibank initiated foreclosure. Ms. Renfroe's loan is due for the July 1, 2011 payment. (Nationstar Decl. ¶16 and Ex. 5.) BANA served its notice of default on May 9, 2014—less than three years later. (*Id.* at ¶14 and Ex. 8.) And then QLS, on Citibank's behalf, recorded its notice of sale on December 23, 2016—still within six years of the due date. (*Id.* at ¶14 and Ex. 9.) Whichever date the court uses as the date the statute of limitations tolled, the foreclosure was timely, and Citibank was entitled to foreclose on all past due payments. *Edmundson v. Bank of Am., N.A.*, 194 Wn. App. 920, 932, 378 P.3d 272, 278 (2016).

**B.** ***Merceri* and *Cedar West* do not help Ms. Renfroe**

The Ninth Circuit remanded Ms. Renfroe's quiet title claim noting, after this court issued its summary order, "[t]here were significant developments in Washington case law." (ECF No. 100 at 5.) The court specifically pointed to *Merceri* and *Cedar West* to support its decision to remand. (*Id.*) Neither *Merceri* nor *Cedar West* support Ms. Renfroe's argument.

In *Merceri*, the court of appeals held mere default "will not alone

CITIBANK, N.A. AS TRUSTEE OF NRZ - 8
PASS-THROUGH TRUST VI'S MOTION FOR
SUMMARY JUDGMENT
NO. 2:17-CV-00194-SMJ

AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

54273365;1

accelerate the payments due on an installment promissory note . . . [s]ome affirmative action is required by the holder of the note that makes it clear and unequivocal to the payor that the holder has, in fact, declared the entire debt due." *Merceri v. Bank of N.Y. Mellon*, 4 Wn. App. 2d 755, 756, 434 P.3d 84, 86 (2018). There, the borrower filed suit to quiet title on October 14, 2016, arguing the lender could not foreclose because the six-year statute of limitations period expired. *Id.* at 757, 434 P.3d at 86. According to the borrower, the limitations period expired because the six-year period began to run upon "upon her failure to cure her default by March 18, 2010," *i.e.*, within the time set forth in the lender's notice of default, which read:

> If the default is not cured on or before March 18, 2010, the mortgage payments **will be accelerated** with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time. As such, the failure to cure the default may result in the foreclosure and sale of your property.

*Id.* The court rejected the borrower's argument, finding the lender did not thereafter "take an affirmative action in a clear and unequivocal manner indicating the payments on the loan had been accelerated." *Id.* The lender did not, for instance, declare the entire debt due or refuse to accept installment payments, but instead sent monthly statements showing the "amount due as merely the unpaid sum of past due installments, not the full principal." *Id.* at

CITIBANK, N.A. AS TRUSTEE OF NRZ - 9
PASS-THROUGH TRUST VI'S MOTION FOR
SUMMARY JUDGMENT
NO. 2:17-CV-00194-SMJ

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

54273365;1

761, 434 P.3d at 88. *Merceri* thus stands for the proposition the statute of limitations did not begin to run when Ms. Renfroe failed to cure her default before July 31, 2013, *i.e.*, within the time provided by BANA's June 21, 2013 letter, or when she failed to cure her default within the time provided by the similar letters sent in 2009, 2010 or 2011. They do not help her cause.

*Cedar West* does not support Ms. Renfroe's position, either. There, the court of appeals rejected the argument the first missed payment on an installment note triggers the six-year limitations period to foreclose on the deed of trust, explaining it "considered and rejected the same argument" in *Edmondson*. *Cedar West Owners Ass'n v. Nationstar Mortg. LLC*, 7 Wn. App. 2d 473, 483, 434 P.3d 554, 559 (2019). But then it commented *Edmondson* has been interpreted "too broadly to mean filing a notice of default definitively tolls the statute of limitations" and "[w]hen the nonjudicial foreclosure action tolls the statute of limitations is a factual inquiry." *Id.* at 488, 434 P.3d at 562. It held, under the factual circumstances before it, the lender could foreclose on installment payments due on and after November 1, 2010—within six years of the lender recording the notice of trustee's sale, rather than six years from the notice of default—since nothing in the record showed the lender took any steps to pursue nonjudicial foreclosure after transmitting the notice of default. *Id.* at

CITIBANK, N.A. AS TRUSTEE OF NRZ - 10
PASS-THROUGH TRUST VI'S MOTION FOR
SUMMARY JUDGMENT
NO. 2:17-CV-00194-SMJ

AKERMAN LLP

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

54273365;1

489-90, 434 P.3d at 562-63. *Cedar West* has no application to this case, since Ms. Renfroe's loan is due for the July 1, 2011 payment, and *both* the notice of default (dated May 9, 2014) and notice of trustee's sale (recorded December 23, 2016) are within six years of that date. (Nationstar Decl. ¶14 and Exs. 8-9.) Under *Cedar West*, Citibank is entitled to foreclose on all amounts past due.

## VI. CONCLUSION

The statute of limitations did not expire before Citibank initiated foreclosure. The court should grant Citibank summary judgment on Ms. Renfroe's quiet title claim—her only remaining claim.

///

///

///

///

///

///

///

///

///

///

PASS-THROUGH TRUST VI'S MOTION FOR
SUMMARY JUDGMENT
NO. 2:17-CV-00194-SMJ

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

54273365;1

1     DATED this 19th day of August, 2020.

2                                 WITHERSPOON · KELLEY

3                                 By: */s/ Daniel J. Gibbons*
                                   Daniel J. Gibbons, WSBA #33036

4                                 djg@witherspoonkelley.com
                                422 W. Riverside Avenue, Suite 1100

5                                 Spokane, WA 99201-0300
                                Phone: (509) 624-5265

6                                 Fax: (509) 458-2728

7                                 AKERMAN LLP

8                                 By: */s/ Taylor T. Haywood*
                                Taylor T. Haywood (Admitted *Pro Hac Vice*)

9                                 1900 Sixteenth Street, Suite 1700
                                Denver, Colorado 80202

10                                Telephone: (303) 260-7712
                               Fax: (303) 260-7714

11                                Email: taylor.haywood@akerman.com

12                               *Attorneys for defendants Citibank, N.A., as*
                                *Trustee of NRZ Pass-Through Trust VI and*

13                               *Mortgage Electronic Registration Systems, Inc.*

CITIBANK, N.A. AS TRUSTEE OF NRZ - 12
PASS-THROUGH TRUST VI'S MOTION FOR
SUMMARY JUDGMENT
NO. 2:17-CV-00194-SMJ

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

54273365;1

# CERTIFICATE OF SERVICE

I hereby certify that on 19th day of August, 2020:

1. I caused to be electronically filed the foregoing **CITIBANK, N.A. AS TRUSTEE OF NRZ PASS-THROUGH TRUST VI'S MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

**Robert William McDonald**
rmcdonald@qualityloan.com

**Robert K. Hunter, Jr.**
robert@hunter4law.com

2. I hereby certify that I have mailed by United States Postal Service the foregoing document to the following non-CM/ECF participants at the address listed below: **None.**

3. I hereby certify that I have mailed by United States Postal Service the document to the following CM/ECF participants at the address listed below: **None.**

4. I hereby certify that I have hand-delivered the document to the following participants at the addresses listed below: **None**.

> */s/ Taylor T. Haywood*
> Taylor T. Haywood (Admitted *Pro Hac Vice*)
> 1900 Sixteenth Street, Suite 1700
> Denver, Colorado 80202
> Telephone: (303) 260-7712
> Fax: (303) 260-7714
> Email: taylor.haywood@akerman.com

CITIBANK, N.A. AS TRUSTEE OF NRZ - 13
PASS-THROUGH TRUST VI'S MOTION FOR
SUMMARY JUDGMENT
NO. 2:17-CV-00194-SMJ

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

54273365;1