Justin D. Balser, WSBA No. 56577
Taylor T. Haywood, *Admitted Pro Hac Vice*
Akerman LLP
1900 Sixteenth Street, Suite 1700
Denver, CO 80202
Phone: (303) 640-2531
Fax: (303) 260-7714
taylor.haywood@akerman.com

*Attorneys for defendants Citibank, N.A., as Trustee of NRZ Pass-Through Trust VI and Mortgage Electronic Registration Systems, Inc.*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE**

| | |
|---|---|
| JAN M. RENFROE,<br><br>Plaintiff,<br><br>v.<br><br>QUALITY LOAN SERVICE CORP. OF WASHINGTON *et al*,<br><br>Defendants. | Case No.: 2:17-cv-00194-SMJ<br><br>**CITIBANK, N.A., AS TRUSTEE OF NRZ PASS-THROUGH TRUST VI'S REPLY SUPPORTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 122]** |

Defendant Citibank, N.A., as trustee of NRZ Pass-Through Trust VI replies supporting its motion for summary judgment, ECF No. 122.

### I. INTRODUCTION

There is only one claim left following the Ninth Circuit's remand: Ms. Renfroe's statute of limitations-based quiet title claim. Ms. Renfroe's opposition largely ignores that fact, instead raising arguments that have no

CITIBANK, N.A. AS TRUSTEE OF NRZ - 1
PASS-THROUGH TRUST VI'S REPLY SUPPORTING
MOTION FOR SUMMARY JUDGMENT
NO. 2:17-CV-00194-SMJ

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

54577664;1

bearing on whether Citibank timely initiated foreclosure. The undisputed evidence shows Ms. Renfroe's oldest outstanding monthly loan payment had not expired when Citibank recorded its notice of sale and the six-year statute of limitations has not run on the full debt. This is all the court must find to reject Ms. Renfroe's statute of limitations argument. The court should grant Citibank summary judgment, and decline to consider Ms. Renfroe's irrelevant arguments.

## II. REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Ms. Renfroe did not file a statement of disputed material facts as the local rules require. Citibank nevertheless replies to her disputed facts, ECF No. 131 at 3, in its reply statement of material facts filed herewith.

## III. ARGUMENT

### A. Ms. Renfroe's accounting disputes are immaterial

Ms. Renfroe has one remaining claim: a quiet title claim alleging the statute of limitations expired. (ECF No. 100 at 6.) To prevail, she needs to show it is too late for Citibank to foreclose. *See* RCW 7.28.300; *see also Bly v. Field Asset Servs.*, No. C14-025-JLR, 2014 WL 2452755, at *3 (W.D. Wash. June 2, 2014) ("The dispositive issue . . . under RCW 7.28.300 is whether the six-year statute of limitations . . . has run on [the lender's] ability to bring a foreclosure action.") Her disputes as to Citibank's accounting, given she has not

CITIBANK, N.A. AS TRUSTEE OF NRZ - 2
PASS-THROUGH TRUST VI'S REPLY SUPPORTING
MOTION FOR SUMMARY JUDGMENT
NO. 2:17-CV-00194-SMJ

AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

54577664;1

paid the loan in full, *see e.g.,* ECF No. 132 at ¶5, are immaterial to whether the statute of limitations expired and cannot preclude summary judgment. *Lynn v. Sheet Metal Workers' Int'l Ass'n*, 804 F.2d 1472, 1483 (9th Cir. 1986) ("a dispute as to an immaterial fact does not preclude summary judgment"); *see also Evans v. BAC Home Loans Servicing, LP*, No. 10C-0656-RSM, 2010 WL 5138394, at *3 (W.D. Wash. Dec. 10, 2010) ("Plaintiffs cannot assert an action to quiet title against a [] lender without demonstrating they have satisfied their obligations under the Deed of Trust.")

*Laxmi Jewel* does not support Ms. Renfroe's position the amount due is a material fact issue. (ECF No. 131 at 6.) The court did not address a quiet title claim or the argument the statute of limitations expired. There, the Laxmi Group filed an involuntary bankruptcy petition against C&C California. *In re. C&C Jewelry Mfg., Inc.* (***Laxmi Jewel***), Nos. CC-08-1190-HMoMk, CC-08-1267-MHoMk, LA 07-20764 SB, 2001 WL 36340326, at *1 (9th Cir. B.A.P. 2009). C&C moved for summary judgment, arguing its liabilities were subject to a *bona fide* dispute.[1] *Id.* at *2. The bankruptcy court granted C&C summary

---

[1] If there is a genuine fact issue bearing upon the debtor's liability or the amount of the claim, the bankruptcy code mandates dismissal. *Laxmi Jewel*, 2001 WL 36340326, at *8.

CITIBANK, N.A. AS TRUSTEE OF NRZ - 3
PASS-THROUGH TRUST VI'S REPLY SUPPORTING
MOTION FOR SUMMARY JUDGMENT
NO. 2:17-CV-00194-SMJ

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

54577664;1

judgment. *Id.* The appellate panel then affirmed, commenting Laxmi's evidence, including an accounts receivable table and aging report, did not demonstrate an "accurate debt amount still outstanding as of the Petition Date." *Id.* at *9, *15. *Laxmi Jewel*—a case involving an involuntary bankruptcy, where the court was tasked with deciding whether a debtor's obligations were subject to a *bona fide* dispute such that the debtor should not remain in bankruptcy—has no application to this case.

**B.  Even if Ms. Renfroe "last paid . . . for [the] payment that came due on December 1, 2010"—Citibank is entitled to summary judgment**

Ms. Renfroe declares she "made [her] last installment payment" on April 5, 2011 "for a payment that came due on December 1, 2010." (ECF No. 132 at 2.) But even if the court agrees with her—and overlooks her inconsistent statement, ECF No. 131 at 7:5-6, she "remained current up to May 1, 2011"—she cannot prove the statute of limitations expired.

When loan payments on a loan are due in installments, each installment is subject to its own statute of limitations beginning on the date the payment is due. *Holman v. Wells Fargo Home Mortg., Inc.*, No. 2:20-cv-116-RMP, 2020 WL 4208931, at *5 (E.D. Wash. July 22, 2020) (citations omitted); *see also Merceri v. Bank of N.Y. Mellon*, 4 Wn. App. 2d 755, 759-60, 434 P.3d 84, 87

CITIBANK, N.A. AS TRUSTEE OF NRZ - 4
PASS-THROUGH TRUST VI'S REPLY SUPPORTING
MOTION FOR SUMMARY JUDGMENT
NO. 2:17-CV-00194-SMJ

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

54577664;1

(2018). "But if an obligation that is to be paid in installments is accelerated, the entire remaining balance becomes due and the statute of limitations becomes triggered for all installments." *Merceri*, 4 Wn. App. at 759-60, 434 P.3d at 87. And pursuant to Washington precedent, "[t]he commencement of a nonjudicial foreclosure proceeding tolls the six-year statute of limitations period." *Cedar West Owners Ass'n v. Nationstar Mortg. LLC*, 7 Wn. App. 2d 473, 489-90, 434 P.3d 554, 562 (2019). "Generally, the notice of trustee sale tolls the limitation period until the date scheduled for the foreclosure sale or 120 days later, the last day to which it could have been continued." *Holman*, 2020 WL 4208931, at *5.

If Ms. Renfroe last paid the "payment that came due on December 1, 2010," her first missed monthly payment was due January 1, 2011.[2] Citibank initiated foreclosure through recording its notice of trustee's sale on December 23, 2016—less than six years later. (ECF No. 123 at 4 ¶14 and Ex. 9.) The notice set a April 28, 2017 sale date. (*See id.* at Ex. 9 at CITI000033.) The sale

---

[2] Ms. Renfroe argues "The six-year limitation period began to accrue from December 1, 2010." (ECF No. 131 at 5.) But if Ms. Renfroe made her last payment for the payment "that came due on December 1, 2010," her first missed monthly payment would be due the following month.

CITIBANK, N.A. AS TRUSTEE OF NRZ - 5
PASS-THROUGH TRUST VI'S REPLY SUPPORTING
MOTION FOR SUMMARY JUDGMENT
NO. 2:17-CV-00194-SMJ

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

54577664;1

was then continued until June 30, 2017 (and the statute of limitations period would have been tolled until that date, *see Holman*, 2020 WL 4208931, at *5), but the state court ordered the sale "may not proceed if at all, until further order of this court" before it could occur, ECF No. 13-1, extending the tolling period. *See* RCW 4.16.230. And Ms. Renfroe contends the state court injunction order remains in effect to this day. (*See* ECF No. 131 at 3:11-15; *see also* Declaration of Taylor T. Haywood (**Haywood Decl.**), ¶3 at Ex. 1.) So even if the court accepts Ms. Renfroe's claim she last paid "the installment that came due on December 1, 2010" as true, she cannot quiet title. Citibank undisputedly initiated foreclosure within six years of the first missed installment, and the limitations period has been tolled since then.

**C.  *Merceri* and *Cedar West* confirm the court should grant Citibank summary judgment**

*Merceri*—a case the Ninth Circuit instructed this court to consider on remand—confirms Ms. Renfroe's argument the statute of limitations expired is meritless. The facts in *Merceri* are similar: Ms. Merceri obtained an installment loan in 2006 with a 2046 maturity date. *Merceri*, 4 Wn. App. at 757, 434 P.3d at 86. She defaulted in 2010. *Id.* Based on the failure to make monthly payments, her lender served a notice of default and intent to accelerate

CITIBANK, N.A. AS TRUSTEE OF NRZ - 6
PASS-THROUGH TRUST VI'S REPLY SUPPORTING
MOTION FOR SUMMARY JUDGMENT
NO. 2:17-CV-00194-SMJ

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

54577664;1

1 instructing her payments would be accelerated she did not cure by March 18,
2 2010. *Id.* On June 1, 2016, the lender recorded a notice of trustee's sale. *Id.*

Ms. Merceri filed a quiet title suit alleging the statute of limitations expired because the six-year statute of limitations began to run on the full debt in 2010, when the cure period expired. *Id.* She won in the trial court but the court of appeals instructed the court "should grant the [lender's] motion for summary judgment on the statute of limitations issue," finding the lender initiated foreclosure within six years of missed monthly installment payments, and no evidence the statute of limitations began to run on the entire loan obligation. *Id.* 762-63, 434 P.3d at 88-89.

Here, Ms. Renfroe obtained an installment loan in 2005 with a 2035 maturity date. (ECF No. 123 at ¶6 and Ex. 1.) She fell behind in 2009, but continued to periodically remit loan payments, with her last payment applied to the monthly amount due June 1, 2011 (or December 1, 2010, according to Ms. Renfroe). (*Id.* at ¶12 and Ex. 5; ECF No. 132 at 2.) BANA served a notice of default and intent to accelerate dated June 21, 2013, instructing she must pay the past-due amount to avoid a future acceleration. (*Id.* at ¶13 and Ex. 7.) On May 9, 2014, BANA served a notice of default. (*Id.* at ¶14 and Ex. 8.) On December 23, 2016, a notice of trustee's sale was recorded. (*Id.* at Ex. 9.) And

CITIBANK, N.A. AS TRUSTEE OF NRZ - 7
PASS-THROUGH TRUST VI'S REPLY SUPPORTING
MOTION FOR SUMMARY JUDGMENT
NO. 2:17-CV-00194-SMJ

AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

54577664;1

as set forth *supra*, the state court enjoined the sale before it could occur. (*See* ECF No. 13-1.)

*Merceri* instructs the six-year limitations period did not begin to run on the full debt until any earlier than May 9, 2014—when Citibank's predecessor recorded its notice of default. *See Merceri*, 4 Wn. App. at 761-62, 434 P.3d at 88-89. And, since Citibank also recorded its notice sale within six years of Ms. Renfroe's oldest outstanding installment payment—regardless of whether that payment was due January 1, 2011, according to Ms. Renfroe's theory or July 1, 2011, as Nationstar's records reflect—it was entitled to foreclose on all past-due amounts. *See e.g., Cedar West Owners Ass'n v. Nationstar Mortg. LLC*, 7 Wn. App. 2d 473, 489-90, 434 P.3d 554, 562-63 (2019).

**D.     The notice of default correctly states the amount of the debt**

Ms. Renfroe claims the notice of default did not "accurately itemize the amount of the debt" because it states "the last unpaid payment was due on May 1, 2014 and the amount in arrears is $42,606.03." (ECF No. 131 at 6:20-22.) The court should not consider this argument. The Ninth Circuit resolved this issue: "[BANA's] notice of default complied with the statutory requirements." (ECF No. 100 at 3.) And as set forth in section III(A), Ms. Renfroe's accounting disputes are immaterial to her only claim for relief. But of the court

CITIBANK, N.A. AS TRUSTEE OF NRZ - 8
PASS-THROUGH TRUST VI'S REPLY SUPPORTING
MOTION FOR SUMMARY JUDGMENT
NO. 2:17-CV-00194-SMJ

AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

54577664;1

nevertheless considers her argument, it is incorrect.

The notice of default does not incorrectly state the "last unpaid payment was due on May 1, 2014." It is dated May 9, 2014 and states, at that time, Ms. Renfroe owed the monthly installments due from *July 1, 2011* through May 1, 2014. (*See* ECF No. 123 at ¶14 and Ex. 8 at CITI000066 (emphasis added.)) Nor does it incorrectly state "the amount in arrears is $42,606.03." (ECF No. 131 at 6:22-23.) Nationstar's records reflect Ms. Renfroe last made a payment in 2011, which was applied to the monthly payment amount due June 1, 2011. (ECF No. 123 at 4 ¶13 and Ex. 5.) The notice of default accurately reflects, as May 9, 2014, she owed all monthly payments from July 1, 2011 through May 1, 2014, totaling $42,606.03, and itemizes those monthly amounts in compliance with RCW 61.24.030(8)(d) (requiring a notice of default to include an "itemized account of the amount or amounts in arrears.")

**E.   The notice of sale does not "pursue time-barred payments"**

Ms. Renfroe's claim the notice of sale "attempt[s] to pursue time-barred payments that were not even due" is irrelevant to whether she is entitled to quiet title to the property. (ECF No. 131 at 8:14-16.) It is also incorrect. The notice of sale identified the arrearage as $85,091.80 as of December 21, 2016.

CITIBANK, N.A. AS TRUSTEE OF NRZ - 9
PASS-THROUGH TRUST VI'S REPLY SUPPORTING
MOTION FOR SUMMARY JUDGMENT
NO. 2:17-CV-00194-SMJ

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

54577664;1

(Haywood Decl. ¶4 and Ex. 2.[3]) And Citibank itemized that figure for Ms. Renfroe discovery, confirming it includes past due payments beginning July 1, 2011—all within the six-year limitations period. (*Id.* at ¶5 and Ex. 3 at 4:5-24.)

**F.     Ms. Renfroe's remaining arguments are irrelevant**

The remainder of Ms. Renfroe's opposition protests BANA misapplied her trial plan payments, Citibank cashed a hazard insurance check over her objection, her "lender locked her out of the online payment portal," and that the court should strike the "statutory notices as invalid." (ECF No. 131 at 10-13.) None of these arguments have any bearing on the only issue left in this case: whether Ms. Renfroe can prevail on her statute of limitations-based quiet title claim. The court should not consider them.

## VI.     CONCLUSION

There is no genuine material fact issue for trial. The court should grant Citibank summary judgment on Ms. Renfroe's quiet title claim.

///

///

---

[3] The copy of the notice of sale in the record omits the middle two pages. (ECF No. 123 at 91-92.) Citibank provides a complete copy.

CITIBANK, N.A. AS TRUSTEE OF NRZ - 10
PASS-THROUGH TRUST VI'S REPLY SUPPORTING
MOTION FOR SUMMARY JUDGMENT
NO. 2:17-CV-00194-SMJ

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

54577664;1

DATED: September 23, 2020.

A<small>KERMAN</small> LLP

By: */s/ Justin D. Balser*
*/s/ Taylor T. Haywood*
Justin D. Balser, WSBA No. 56577
Taylor T. Haywood (Admitted *Pro Hac Vice*)
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 260-7712
Fax: (303) 260-7714
Email: justin.balser@akerman.com
Email: taylor.haywood@akerman.com

*Attorneys for defendants Citibank, N.A., as Trustee of NRZ Pass-Through Trust VI and Mortgage Electronic Registration Systems, Inc.*

CITIBANK, N.A. AS TRUSTEE OF NRZ - 11
PASS-THROUGH TRUST VI'S REPLY SUPPORTING
MOTION FOR SUMMARY JUDGMENT
NO. 2:17-CV-00194-SMJ

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

54577664;1

# CERTIFICATE OF SERVICE

I hereby certify that on 23rd day of September, 2020:

1. I caused to be electronically filed the foregoing **CITIBANK, N.A. AS TRUSTEE OF NRZ PASS-THROUGH TRUST VI'S REPLY SUPPORTING MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

**Robert William McDonald**
rmcdonald@qualityloan.com

**Robert K. Hunter, Jr.**
robert@hunter4law.com

2. I hereby certify that I have mailed by United States Postal Service the foregoing document to the following non-CM/ECF participants at the address listed below: **None.**

3. I hereby certify that I have mailed by United States Postal Service the document to the following CM/ECF participants at the address listed below: **None.**

4. I hereby certify that I have hand-delivered the document to the following participants at the addresses listed below: **None**.

/s/ Taylor T. Haywood
Justin D. Balser, WSBA No. 56577
Taylor T. Haywood (Admitted *Pro Hac Vice*)
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 260-7712
Fax: (303) 260-7714
Email: justin.balser@akerman.com
Email: taylor.haywood@akerman.com

CITIBANK, N.A. AS TRUSTEE OF NRZ - 12
PASS-THROUGH TRUST VI'S REPLY SUPPORTING
MOTION FOR SUMMARY JUDGMENT
NO. 2:17-CV-00194-SMJ

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

54577664;1