THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA 98802
Telephone: (509) 663-2966
Attorney for Plaintiff

HONORABLE SALVADOR MENDOZA, JR.

October 13, 2020 at 10:00 a.m.

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WASHINGTON STATE

JAN M. RENFROE,

        Plaintiff,

v.

QUALITY LOAN SERVICE CORP. OF
WASHINGTON; BANK OF AMERICA, N.A.,
successor by merger to BAC Home Loans
Servicing, LP, f/k/a Countrywide Home Loans
Servicing, LP; CITIBANK, N.A. as trustee of NRZ
PASS-THROUGH TRUST VI; and MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.,

        Defendants.

THE BANK OF NEW YORK MELLON as trustee on
behalf of the CERTIFICATEHOLDERS OF THE
CWHEQ, INC., CWHEQ Revolving Home Equity
Loan Trust, Series 2006-C,

        Nominal Defendants.

No.  2:17-cv-00194

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO CITIBANK, N.A.'S MOTION FOR SUMMARRY JUDGMENT**

In light of newly discovered evidence, Plaintiff Jan Renfroe submits this supplemental response to oppose the motion for summary judgment of Defendants Citibank, N.A. as Trustee of NRZ Pass-Through Trust VI ("Citibank" or "Defendant").  The evidence is supplied in her declaration and the Declaration of Robert Hunter that accompany this response.

### BACKGROUND FACTS

Defendant Citibank foreclosed against plaintiff's home by way a non-judicial foreclosure.  Plaintiff sued, asserting a quiet title claim to quiet Citibank's mortgage lien

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA  98802
(509) 663-2966

against her home. [ECF No. 1-1] The Washington State Superior Court sitting in Okanogan County struck and stayed the foreclosure sale. Citibank removed this case to federal court.[1] This Court ruled in favor of Citibank's in its summary judgment motion for "dismissal." [ECF No. 37, p. 8; ECF 79 (Order)] Renfroe appealed. The appellate court vacated this Court's "order granting summary judgment to Defendants on Renfroe's quiet title claim . . . " [ECF No. 78] It did not limit this ruling. In addition ("and") it remanded "for further consideration in light of *Merceri v. Bank of New York, Mellon*, 434 P.3d 84 (Wash. Ct. App. 2018), *Cedar West Owners Ass'n v. Nationstar Mortgage, LLC*, 434 P.3d 554, 562 (Wash Ct. App. 2019), and any other relevant developments in Washington case law." [Ibid] Accordingly, Renfroe's quiet title claim still remains. Citibank refiled its summary judgment motion, this time to obtain "judgment." [ECF No. 122, p. 2, line 2]

## SUPPLEMENTAL DISPUTED FACT

Plaintiff recently received notice that Defendant Citibank is no longer the owner of the promissory note that is secured by the deed of trust foreclosed upon in this case. [Renfroe Supplemental Decl. **Exh. 2**] Accordingly, Plaintiff supplements her prior list of disputed facts with the following fact.

| # | Fact Statement | Blunt Decl. | Controverting Fact |
|---|---|---|---|
| 4 | Citibank has been the record deed of trust beneficiary since April 2016. | Nationstar Decl. ¶9 & Ex. 4) | Citibank is no longer the deed of trust beneficiary. |

## ISSUE PRESENTED

Whether a genuine issue of material fact remains to allow Renfroe to quiet title against Citibank's deed of trust lien.

---

1 Plaintiff has consistently maintained that removal was improper, depriving this Court of jurisdiction. Infra Argument V.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO CITIBANK, N.A.'S MOTION FOR SUMMARRY JUDGMENT**
Page 2

<u>**MEMORANDUM OF LAW**</u>

**I.      CITIBANK MISLED PLAINTIFF AND THIS COURT TO BELIEVE IT STILL HOLDS THE NOTE**

After defendant filed the motion at bar, plaintiff received notice on or about September 6, 2020 that Fay Servicing replaced Nationstar as the servicer on September 24, 2020.  (Renfroe Decl. **Exh. 1**)   On September 22, 2020, Renfroe received a Notice of Sale of Ownership of Mortgage Loan.  (Renfroe Decl. **Exh. 2**)  The notice is dated September 14, 2020 and states that Renfroe's loan was transferred to another investor on September 10, 2020.  It also states that a new owner now holds legal title to the loan.  (Ibid)

**II.      WITHOUT THE LEGAL TITLE TO THE LOAN CITIBANK IS NOT THE DEED OF TRUST BENEFICIARY AND IS UNABLE TO FORECLOSE**

The Deed of Trust Act states "It shall be requisite to a trustee's sale: . . . That, for residential real property, before the notice of trustee's sale is recorded, transmitted, or served, the trustee shall have proof that the beneficiary is the holder of any promissory note or other obligation secured by the deed of trust."  RCW 61.24.030 7(a).   The beneficiary of a deed of trust is the holder of the instrument secured by that deed of trust.   Under RCW 61.24.005(2).   "[A] beneficiary must either actually possess the promissory note or be the payee."  <u>Bain v. Metro. Mortg. Grp.,</u> 175 Wn.2d 83, 104, 285 P.3d 34 (2012) *rev'd in part*, <u>183 Wn.2d 820</u>.  RCW 62A.3-301 provides that the holder of an instrument is entitled to enforce that instrument.

In <u>Terhune v. N. Cascade Tr. Servs., Inc.,</u> 9 Wn. App. 2d 708, 446 P.3d 683 (2019), the court was able to grant summary judgment in favor of the lender-beneficiary when the record sufficiently established the lender to be the Note holder.  Terhune, 9 Wn. App. at 724, 446

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO CITIBANK, N.A.'S MOTION FOR SUMMARRY JUDGMENT**
Page 3

The Hunter Law Firm, pllc
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA  98802
(509) 663-2966

P.3d at 691. It had the signed beneficiary declaration and the lender's representative declaring that the lender possessed the note. Id. Citibank does not offer such evidence. Instead, it offers evidence that is no longer applicable. [ECF 123 ¶4 Exh. 4] When asked, Citibank's counsel expressly stated to Renfroe's attorney that "the loan was not sold. The loan remains the same (Citibank)." (Hunter Decl. **Exh. A**) Citibank likewise neglects to inform this Court that a new owner has legal title to the loan. Indeed, Citibank's expressly asserts in its statement of facts that that it continues to be the beneficiary under that deed of trust. [ECF 124 (Fact Statement No. 4)]

Without legal title to the loan, giving it beneficiary status, Citibank no longer has an interest in Renfroe's home and is without standing to pursue the foreclosure. Lack of standing deprives the court of subject matter jurisdiction, making it impossible to enter a judgment on the merits. Fleck & Assocs., Inc. v. City of Phoenix, 471 F.3d 1100, 1102 (9th Cir. 2006).

**III.    THE QUIET TITLE ACTION IS VALID AGAINST CITIBANK WHO NO LONGER HAS AN CLAIM TO RENFROE'S HOME**

"An action to quiet title allows a person in peaceable possession or claiming the right to possession of real property to compel others who assert a hostile right or claim to come forward and assert their right or claim and submit it to judicial determination." Kobza v. Tripp, 105 Wn. App. 90, 95, 18 P.3d 621, 623-624, (2001); RCW 7.28.010. Citibank does not have a right to possess Renfroe's property without the Note. RCW 61.24.030 7(a).

Citibank moved the yardstick; when it had once sought dismissal, today it seeks judgment. Even if the court were to strike Renfroe's quiet title claim and dismiss Citibank, this would not entitle Citibank to a judgment for which it has not pled. It has not sought

PLAINTIFF'S SUPPLEMENTAL RESPONSE TO CITIBANK, N.A.'S MOTION FOR SUMMARRY JUDGMENT
Page 4

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA  98802
(509) 663-2966

declaratory relief concerning its alleged right to sell the Renfroe home.  Now, without legal title to the loan it cannot.

**IV.    CITIBANK'S INEQUITABLE CONDUCT SUPPORTS THE QUIET TITLE ACTION**

Often, the quiet title cases arise when parties rest on their rights when they could have dispossessed another from real property.  *See e.g.*, Chaplin v. Sanders, 100 Wn.2d 853, 863, 676 P.2d 431, 437 (1984) (adverse possession).  Without issuing a new Notice of Default, Citibank chose to sit on its rights, relying upon a two and one-half year old default notice that Bank of America had mailed in May 2014.  [ECF No. 123 pp 83-86]   Renfroe's quiet title claim is based upon much more than Citibank resting on its rights.

"An action to quiet title is equitable . . ." Kobza, 105 Wn. App. at 95.  Citibank's latest conduct to misdirect counsel about Citibank not having the loan is unfair.  As Renfroe has complained throughout these proceedings, Citibank has committed other inequitable acts.

Renfroe's response refers to her struggles with Citibank's predecessors to ascertain the correct debt amount and the lender's identity.  [ECF 131 pp. 4-5]  Like its predecessors, Citibank offers a hopelessly confusing ledger.  Like its predecessors, Citibank took payments without accounting for them.[2] (Renfroe Decl. ¶4)  Eventually, Renfroe threw up her hands in despair and demanded a precise accounting of how her money has been handled.  It never came.  [ECF 132 (Renfroe Decl. p. 3, ¶9 & Renfroe Supplemental Decl. ¶4)

**V.    CITIBANK WRONGFULLY LED THE COURT TO BELIEVE ITS REMOVAL NOTICE WAS TIMELY**

Citibank's manner in which to remove this case to federal court was also inequitable.

---

2 The ledgers show that Nationstar and Citibank took more than $8,000 of insurance proceeds without crediting that sum to the Renfroe account.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO CITIBANK, N.A.'S MOTION FOR SUMMARRY JUDGMENT**

Page 5

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA  98802
(509) 663-2966

Citibank used a Stipulation of Nonparticipation ("Stipulation") as the pleading giving it notice of removability to federal court.[3] [ECF No. 1-2] Quality Loan Service Corp. of Washington (QLS), the trustee, prepared the Stipulation and <u>signed</u> it twice while Renfroe's counsel only signed it once. (Hunter Decl. **Exh. B**) Citibank's former attorneys who own QLS <u>filed</u> it twice in state court. [Hunter Decl. **Exh. C** (QLS Response to Requests for Admissions p. 7)] It filed the first one on April 26, 2017, giving it until May 26, 2017 – not June 1 – in which to remove the case to federal court. 28 U.S.C. §1446(b)(1). Citibank was required to remove within 30 days from when it knew that the case could be removed. It relied on the second Stipulation to prove this knowledge occurred later. However, it had that knowledge on or before April 26, 2017 when QLS sent it to Citibank's then attorneys.

After filing her appeal, Renfroe discovered this oddity when she obtained receipts and other records from state court and learned that Citibank – not the trustee - filed the Stipulations. The receipts reflect that the McCarthy & Holthus law firm (Citibank's attorneys) paid and presented the Stipulations for a judge to sign.[4] (Renfroe Decl. **Exh. B**) The records identify Citibank's attorneys presenting the two Stipulations *ex parte* to two different judges.[5] Even though the removal notice at Paragraph 9 said the Stipulation was entered on April 26, Citibank exhibits one that was entered on May 2, 2017. [ECF 1-2]

---

3 The time to commence counting the 30-day time period for removal is not necessarily when the pleading is filed, but when Citibank first learns from that pleading that it could remove. *Harris*, 425 F.3d at 694. "Under [28 U.S.C. §1446(b)(1)], 'service or otherwise' merely requires receipt by the removing defendant of a paper from which it is first ascertainable from the face of the document that the action is removable." *Harris*, 425 F.3d at 694; <u>see also</u> *Babasa* v. *Lenscrafter, Inc.*, 498 F.3d 972 (9th Cir. 2007).

4 For this reason, Renfroe has never conceded to jurisdiction in this Court. So, when the Court required her to admit jurisdiction in its amended answer, she opted not to amend.

5 The conformed copies of the Stipulations indicate that Okanogan County Superior Court Judge Edwards signed one Stipulation and Judge Culp signed the other.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO CITIBANK, N.A.'S MOTION FOR SUMMARRY JUDGMENT**
        Page 6

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA  98802
(509) 663-2966

The supposed trustee signed the Stipulation on two different occasions and explained that he signed it the second time (two days after filing the first) because he believed the first Stipulation "would be rejected." (Hunter Decl. **Exh. D** p. 4, line 15) The second Stipulation was not presented until May 1, 2017.

It would seem that the trustee was in league with Citibank. One may only speculate as to why QLS and Citibank had the Stipulation entered by two different judges on two separate dates. Assuredly though, the later version incorrectly gave Citibank more time in which to seek removal. In any event, such conduct infers a bad faith attempt to gain additional time in which to file the removal.

> As a pragmatic matter, it is the lenders, the servicers, and their affiliates who appoint trustees. Trustees have considerable financial incentive to keep those appointing them happy and very little financial incentive to show the homeowners the same solicitude. *Bain v. Metro. Mortg. Grp., Inc.* 175 Wash.2d 83, 95-97, 285 P.3d 34 (2012). However, despite these pragmatic considerations and incentives under our statutory system, a trustee is not merely an agent for the lender or the lender's successors. Trustees have obligations to all of the parties to the deed, including the homeowner. RCW 61.24.010(4) ("The trustee or successor trustee has a duty of good faith to the borrower, beneficiary, and grantor."); *Cox v. Helenius*, 103 Wash.2d 383, 389, 693 P.2d 683 (1985) ("[A] trustee of a deed of trust is a fiduciary for both the mortgagee and mortgagor and must act impartially between them." (citing GEORGE E. OSBORNE, GRANT S. NELSON & DALE A. WHITMAN, REAL ESTATE FINANCE LAW § 7.21 (1979))). *Id*. at 93.

Klem v. Wash. Mut. Bank, 176 Wash.2d 771, 789, 295 P.3d 1179, 1188 (2013) (QLS notary found to have falsely notarized documents so to sell foreclosed home for less than market value.).

Certainly, Citibank and QLS will deny that Citibank presented the Stipulations, but the court records are too damning to ignore. Moreover, the trustee, who plaintiff sued not as a

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA 98802
(509) 663-2966

nominal defendant, works too closely with the Citibank to allow it to be impartial. It has no staff and must rely on Citibank's former attorneys, one floor above, for support to do its job. (Hunter Decl. ¶7 & **Exh. D**) QLS refers to Citibank's former attorneys as its "Foreclosure Counsel" with regards to foreclosure proceedings on which it has been appointed to serve as trustee. (Hunter Decl. **Exh. D**, p. 7) QLS refers to itself as the "foreclosure trustee vendor of [Citibank's former attorneys]." (Ibid) Renfroe asks the court to recognize the inequity and allow its quiet title against Citibank to remain for trial.

### CONCLUSION

The recent revelation that Citibank no longer has a legal interest in the loan warrants this supplemental response. Renfroe disputes that Citibank is the deed of trust beneficiary. Plaintiff requests the Court to deny defendant's summary judgment motion. She further asks the Court to strip QLS of its title of "nominal" defendant that this Court gave it.

DATED September 25, 2020.　　　By:　　s/ Robert K. Hunter, Jr.
　　　　　　　　　　　　　　　　　　Robert K. Hunter, Jr., WSBA #28909
　　　　　　　　　　　　　　　　　　Attorney for the Plaintiff
　　　　　　　　　　　　　　　　　　THE HUNTER LAW FIRM, PLLC
　　　　　　　　　　　　　　　　　　645 Valley Mall Parkway, Suite 200
　　　　　　　　　　　　　　　　　　East Wenatchee, WA 98802
　　　　　　　　　　　　　　　　　　Telephone: (509) 663-2966
　　　　　　　　　　　　　　　　　　Email: robert@hunter4law.com

### CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Daniel J. Gibbons, Taylor Haywood, Justin Balser and Robert William McDonald.

DATED this 25th day of September, 2020.　　　s/ Robert K. Hunter, Jr.
　　　　　　　　　　　　　　　　　　　Robert K. Hunter, Jr., WSBA #28909

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO CITIBANK, N.A.'S MOTION FOR SUMMARRY JUDGMENT**
Page 8

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA 98802
(509) 663-2966