THE HUNTER LAW FIRM, PLLC　　　　　　　HONORABLE SALVADOR MENDOZA, JR.
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA 98802
Telephone: (509) 663-2966
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON STATE

JAN M. RENFROE,

　　　　Plaintiff,

v.

QUALITY LOAN SERVICE CORP. OF WASHINGTON; BANK OF AMERICA, N.A., successor by merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP; CITIBANK, N.A. as trustee of NRZ PASS-THROUGH TRUST VI; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

　　　　Defendants.
AND
　　　　Nominal Defendants.

**No. 2:17-cv-00194-SMJ**

PLAINTIFF'S RESPONSE TO MOTION *IN LIMINE*

November 10, 2020
(Pretrial Conference Date)

　　　Plaintiff Renfroe hereby responds to the motion to *in limine* filed by Defendant Citibank N.A. (Citibank) [ECF No. 148].

　　　This case is undergoing a paradigm shift.  Defendant Citibank's servicer, Nationstar, notified Renfroe to inform her that Citibank no longer has a legal title to her loan.  [ECF No. 141-2 p. 2]  Also, the servicer has changed from Nationstar to Fay Servicing.   [ECF No. 141-1] Citibank's attorney, Taylor Haywood, next contacted plaintiff's attorney to discuss continuance of the trial dated.  She asked if plaintiff would agree to a 60-90 day continuance, because she did not know whether she would remain as counsel of record under Fay

PLAINTIFF'S RESPONSE TO MOTION TO EXCLUDE EXHIBITS

　　　　　　　　　　　Page 1

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA 98802
(509) 663-2966

Servicing. Please see the accompanying Hunter Declaration **Exhibit "A."** Renfroe agreed to a continuance, but left her wondering how to address Citibank's current summary judgment motion and what exhibits and witnesses to use for her response brief and at trial.[1]

Plaintiff's attorney started having computer problems. (Hunter Decl. ¶7) The day after filing the supplemental summary judgment response, plaintiff's counsel, Robert Hunter, realized he was having difficulty with various peripheral devices and software. Counsel could not save into a pdf format. On the following Monday, Microsoft Office 365 went down. (Ibid) Without any staff remaining, plaintiff's attorney worked on and eventually overcame these technical problems. As luck would have it, Hunter next learned that he could not get into the ECF filing system. (Hunter Decl. **Exh. "B"**) With the aid of the Court's tech department, the filing problem was resolved on Monday, October 5, 2020, when the lists were filed. [ECF No. 150]

In addition to the technical challenges, plaintiff's attorney had personal challenges to address. A family member's sudden hospitalization led to his spouse travelling to Russia where she is now located and who has now also taken ill. Mr. Hunter found himself handling the demands of his young children who needed at-home and Zoom learning.

All the while, plaintiff presumed that Citibank would still need a trial continuance, making evidentiary issues not so looming. On October 1, 2020, when plaintiff's attorney asked Ms. Haywood the manner in which she chose to seek the trial continuance (Hunter Exh. "A"), she did not reply. Instead, she filed the motions to strike and exclude. Defense counsel

---

[1] Renfroe informed the Court of these events by supplementing her response to Citibank's summary judgment motion. ECF No. 140

PLAINTIFF'S RESPONSE TO MOTION TO EXCLUDE EXHIBITS

Page 2

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA 98802
(509) 663-2966

remained true to form. When asked about whether Citibank had yet thought of a response to Renfroe's settlement offers, Citibank did not reply and instead filed the recent motion for summary judgment. Before then, Renfroe asked if Citibank would engage in a meaningful mediation. That was met by Citibank pursuing an internal BPO (i.e., in home inspection) even though plaintiff's home value is diminished by exterior features.

There is no prejudice to defendant. Plaintiff identified 14 exhibits, 10 of which are already in the Court's record as part of the parties' previously filed evidence.[2]

Renfroe respectfully asks the Court to excuse the late filing of her Witness and Exhibit List and allow Citibank additional time to respond to that list if deemed necessary. If trial is not continued, it is set for November 30, 2020, 36 days from filing of Renfroe's exhibit list.

DATED October 6, 2020.    By:    s/ Robert K. Hunter, Jr.
                                 Robert K. Hunter, Jr., WSBA #28909
                                 Attorney for the Plaintiff Renfroe
                                 THE HUNTER LAW FIRM, PLLC
                                 645 Valley Mall Parkway, Suite 200
                                 East Wenatchee, WA 98802
                                 Telephone: (509) 663-2966
                                 Email: robert@hunter4law.com

### CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Daniel J. Gibbons, Taylor Haywood, Justin Balser and Robert William McDonald.

DATED this 6th day of October, 2020.    s/ Robert K. Hunter, Jr.
                                        Robert K. Hunter, Jr., WSBA #28909,
                                        Attorney for Plaintiff Renfroe

---

[2] This is in contrast to Citibank's 113 exhibits, an amount that belies defendant's contention that the case is now merely limited to the application of two Washington cases.

PLAINTIFF'S RESPONSE TO MOTION TO EXCLUDE EXHIBITS

Page 3

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA 98802
(509) 663-2966