**AKERMAN LLP**
Justin D. Balser (WSBA No. 56577)
Email: justin.balser@akerman.com
Taylor T. Haywood (*Admitted Pro Hac Vice*)
Email: taylor.haywood@akerman.com
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:   (303) 260-7712
Facsimile:   (303) 260-7714

*Attorneys for defendant Citibank, N.A., as Trustee of NRZ Pass-Through Trust VI*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON
## AT SPOKANE

| | |
|---|---|
| JAN M. RENFROE,<br><br>Plaintiff,<br><br>v.<br><br>QUALITY LOAN SERVICE CORP. OF WASHINGTON *et al*,<br><br>Defendants. | Case No.: 2:17-cv-00194-SMJ<br><br>**CITIBANK, N.A., AS TRUSTEE OF NRZ PASS-THROUGH TRUST VI'S REPLY TO PLAINTIFF'S SUPPLEMENTAL RESPONSE TO MOTION FOR SUMMARY JUDGMENT** |

Defendant Citibank, N.A., as trustee of NRZ Pass-Through Trust VI's replies to plaintiff Jan M. Renfroe's supplemental response to its motion for summary judgment, ECF No. 140.

///

///

CITIBANK, N.A. AS TRUSTEE OF NRZ - 1
PASS-THROUGH TRUST VI'S REPLY TO PLAINTIFF'S
SUPPLEMENTAL RESPONSE TO MOTION FOR
SUMMARY JUDGMENT
NO. 2:17-CV-00194-SMJ

**AKERMAN LLP**

1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE:  303-260-7712

55076803;1

## I.    INTRODUCTION

Ms. Renfroe argues this court cannot enter judgment because, just last month, she received a notice her loan was sold to a new owner.   She is wrong. Under Rule 25(c), substitution is not mandatory.   Her argument Citibank misrepresented the timeliness of its removal is equally meritless.   Citibank did no such thing.   Nothing in Ms. Renfroe's supplemental opposition warrants denying Citibank summary judgment.   The court should grant its motion.

## II.    REPLY TO "SUPPLEMENTAL DISPUTED FACT"

Citibank replies to Ms. Renfroe's "supplemental disputed fact" in its second reply statement of material facts filed herewith.

## III.    ARGUMENT

### A.    The loan ownership change is irrelevant

Ms. Renfroe accuses Citibank of "misle[ading] the court" because she received a letter advising ownership of her loan transferred to U.S. Bank Trust National Association, as Owner Trustee of NRMLT 2020-NPL2 (**U.S. Bank Trust**) effective September 10, 2020.   (ECF No. 140 at 3.)   She complains, based on the transfer from Citibank, it is "impossible for the court to enter a judgment on the merits." (*Id.* at 4.)   Ms. Renfroe is incorrect.

Rule 25(c) applies: "If an interest is transferred, the action may be

CITIBANK, N.A. AS TRUSTEE OF NRZ - 2
PASS-THROUGH TRUST VI'S REPLY TO PLAINTIFF'S
SUPPLEMENTAL RESPONSE TO MOTION FOR
SUMMARY JUDGMENT
NO. 2:17-CV-00194-SMJ

**AKERMAN LLP**

1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE:  303-260-7712

55076803;1

continued by or against the original party unless the court, on motion, orders the transferee be substituted in the action or joined with the original party."  Neither Ms. Renfroe nor Citibank have moved to substitute the new loan owner.  (*See generally*, docket).  And the Rule does not require anyone to do so.  As the Fifth Circuit explained: "Simply put, to read a substitution requirement into Rule 25(c) . . . misconstrues [its] plain terms." *FDIC v. SLE, Inc.*, 722 F.3d 264, 268 (5th Cir. 2013); *see also Mitnick v. davisREED Constr., Inc.*, No. 3:17-cv-00747-H-WVG, 2019 WL 1572988, at *3 (S.D. Cal. Apr. 11, 2019) ("Any substitution would be permissive, not required under Rule 25(c).")

*Northern Trust* is instructive.  There, plaintiff Northern Trust, N.A. filed a complaint to foreclose then merged into The Northern Trust Company. *Northern Trust, N.A. v. Wolfe*, No. 11-cv-00531-LEK-BMK, 2013 WL 398751, at *1-2 (D. Hawai'i Jan. 31, 2013).  The homeowner argued, based on the merger, Northern Trust N.A. no longer had standing to foreclose.  *Id.* at *3. The court, noting the merger occurred after the complaint filing date, disagreed: "Under Rule 25(c), substitution is permissive, rather than mandated.  Thus, the fact that no substitution was made does not affect Northern Trust's right to foreclose." *Id.* at *9.  This court should similarly reject Ms. Renfroe's argument a loan ownership change precludes summary judgment.

CITIBANK, N.A. AS TRUSTEE OF NRZ - 3
PASS-THROUGH TRUST VI'S REPLY TO PLAINTIFF'S
SUPPLEMENTAL RESPONSE TO MOTION FOR
SUMMARY JUDGMENT
NO. 2:17-CV-00194-SMJ

**AKERMAN LLP**

1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE:  303-260-7712

55076803;1

**B.    If the court disagrees, it should allow time for substitution**

In the event the court disagrees with Citibank, and believes substitution is required, the court should allow time for Citibank and U.S. Bank Trust to move to substitute U.S. Bank Trust as a defendant in Citibank's place.  Citibank's counsel would represent U.S. Bank Trust, and any such motion could be filed within one week of the court's ruling.

**C.    Citibank did not make any misrepresentations in its removal**

Ms. Renfroe next accuses Citi of "wrongfully" leading the court "to believe its removal notice is timely."  (ECF No. 140 at 5.)  This accusation is patently false.  Citibank did not "use[] a Stipulation of Nonparticipation . . . as the pleading giving it notice of removability to federal court" as Ms. Renfroe claims.  (*Id.* at 6.)  Its notice instead advises it "was served with the summons and complaint on May 2, 2017" and it removed "within thirty days of service of the initial pleadings on Citibank."  (ECF No.  at 2 ¶¶1-2.)

Citibank's removal was timely despite Ms. Renfroe's protests otherwise. The Supreme Court has made clear the removal deadline runs from service of process—no earlier.  *Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 346 (1999).  Neither case Ms. Renfroe cites holds otherwise.  In *Harris*, the issue was whether jurisdictional facts supporting removal must be

CITIBANK, N.A. AS TRUSTEE OF NRZ - 4
PASS-THROUGH TRUST VI'S REPLY TO PLAINTIFF'S
SUPPLEMENTAL RESPONSE TO MOTION FOR
SUMMARY JUDGMENT
NO. 2:17-CV-00194-SMJ

**AKERMAN LLP**

1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE:  303-260-7712

55076803;1

apparent from the face of the initial pleading or whether "the mere spectre of removability triggers a duty of inquiry." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 690 (9th Cir. 2005).    And in *Babasa*, while the court found removal untimely because the defendant did not remove within thirty days of receiving a letter advising plaintiffs sought penalties exceeding $5 million, there was no dispute about whether the letter pre- or post-dated service. *See Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 973 (9th Cir. 2007).

## IV.    CONCLUSION

Ms. Renfroe's supplemental arguments are meritless.    The court should grant Citibank's motion for summary judgment.

DATED:  October 20, 2020.

**AKERMAN LLP**

By:    */s/ Justin D. Balser*
       */s/ Taylor T. Haywood*
Justin D. Balser (WSBA No. 56577)
Taylor T. Haywood (Admitted *Pro Hac Vice*)
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile:  (303) 260-7714
Email:  justin.balser@akerman.com
Email:  taylor.haywood@akerman.com

*Attorneys for defendant Citibank, N.A., as Trustee of NRZ Pass-Through Trust VI*

CITIBANK, N.A. AS TRUSTEE OF NRZ - 5
PASS-THROUGH TRUST VI'S REPLY TO PLAINTIFF'S
SUPPLEMENTAL RESPONSE TO MOTION FOR
SUMMARY JUDGMENT
NO. 2:17-CV-00194-SMJ

**AKERMAN LLP**

1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE:  303-260-7712

55076803;1