FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 26, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAN M. RENFROE,<br><br>            Plaintiff,<br><br>     v.<br><br>CITIBANK NA, as trustee of NRZ Pass-Through Trust VI, and QUALITY LOAN SERVICE CORP OF WASHINGTON,<br><br>            Defendants. | No.   2:17-cv-00194-SMJ<br><br>**ORDER GRANTING CITIBANK'S MOTION FOR SUMMARY JUDGMENT** |

Citibank, N.A., as trustee of NRZ Pass-Through Trust VI ("Citibank"), initiated a nonjudicial foreclosure on Plaintiff Jan M. Renfroe's home. This Court granted summary judgment in Citibank's favor, and Renfroe appealed. The Ninth Circuit affirmed this Court's order in part, vacated in part, and remanded in part. On remand, the Ninth Circuit directed this Court to consider two recently published Washington State Court of Appeals opinions possibly bearing on Renfroe's remaining quiet title claim. Renfroe claims the statute of limitations bars Citibank

ORDER GRANTING CITIBANK'S MOTION FOR SUMMARY
JUDGMENT – 1

from foreclosing the deed of trust in this case. Having reviewed the file and relevant legal authorities, the Court again grants summary judgment in Citibank's favor.

## BACKGROUND

The material facts are undisputed. Renfroe owned a home in Oroville, Washington. ECF No. 1-1 at 3, 13. In 2005, Renfroe decided to refinance her home and obtained an installment loan documented by a promissory note ("Note") for $154,350. *Id*. The Note required Renfroe to make monthly payments of $925.41, with the first payment due on January 1, 2006. *Id*. at 13. The remaining installments were due on the first of each month for a period of 30 years. *Id*. The Note thus had a maturity date of December 1, 2035. *Id*. The lender secured the Note with a deed of trust. *Id*. at 17–36.

Because of the economic downturn caused by the Great Recession, Renfroe lost her job. ECF No. 1-1 at 4. She began to fall behind on her home loan payments in 2009. ECF No. 123 at 3. *Id*. On June 16, 2009, Bank of America sent Renfroe a notice of intent to accelerate. *Id*. at 59. The notice provided, in part:

> If the default is not cured on or before July 16, 2009, the mortgage payments **will be accelerated** with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time. As such, the failure to cure the default may result in the foreclosure and sale of your property. If your property is foreclosed upon, the Noteholder may pursue a deficiency judgment against you to collect the balance of your loan, if permitted by law.

*Id.* (emphasis in original). Bank of America sent Renfroe similar notices on June 2, 2010, June 9, 2010, January 18, 2011, and June 21, 2013. *See generally* ECF No. 123 at 59–80. Each notice contained the "will be accelerated" language provided above. *See id.*

Renfroe declares she "made [her] last installment payment towards the Note on April 5, 2011 for a payment that came due on December 1, 2010." ECF No. 132 at 2; *but cf. id.* ("On June 30, 2010 I had brought the Promissory Note account current and paid additional money to repay the Lender towards taxes and insurance that the lender had paid. From that point forward **I remained current up to May 1, 2011** when I entered into the TPP payment arrangement." (emphasis added)).[1]

On May 9, 2014, Bank of America issued a notice of default. ECF No. 123 at 82–89. At that time, Bank of America still held the Note. *See id*. The notice of default identified Federal National Mortgage Association as the Note owner and Bank of America, N.A. as the acting servicer. *Id.* at 86. The notice listed delinquent monthly payments due from July 1, 2011 through May 1, 2014. *Id.* at 84. The default amount in arrears totaled $43,236.03. *Id*. Besides the default amount, the notice obligated Renfroe to pay $2,162.00 in other charges, costs, and fees. *Id*. The notice cautioned that the failure to cure the alleged default may lead to a trustee's sale. *Id*.

---

[1] Citibank declares Renfroe's most recent payment was applied to the monthly payment due June 1, 2011. ECF No. 123 at 4. It nevertheless claims this discrepancy is insufficient create an issue of material fact. *See generally* ECF No. 137.

ORDER GRANTING CITIBANK'S MOTION FOR SUMMARY JUDGMENT – 3

Meanwhile, Bank of America assigned the deed of trust to Citibank as a result of a merger. *Id.* at 3, 29, 31–33. Because Renfroe failed to cure the alleged default, Quality Loan Service Corp of Washington ("Quality Loan") recorded its notice of trustee's sale on December 21, 2016. *Id.* at 91–92. The notice of trustee's sale identified Quality Loan as the trustee and Citibank as the beneficiary. *Id.* at 91. The notice set the original auction date for April 28, 2017. *Id.* Quality Loan then continued the trustee's sale to June 30, 2017.

Renfroe sued in Washington state court under the Washington Deed of Trust Act (DTA)[2] and the Washington Consumer Protection Act (CPA);[3] she also sought to enjoin the trustee's sale and quiet title on the property. ECF No. 1-1 at 6–10. The Washington State Superior Court entered a temporary restraining order enjoining the foreclosure of her property.[4] ECF No.13-1 at 2. Citibank removed the cause to federal court under 28 U.S.C. § 1291. ECF No. 1. Citibank then moved for summary judgment, ECF No. 4, which this Court granted. ECF No. 78. Renfroe appealed. ECF Nos. 86, 87.

The Ninth Circuit affirmed this Court's order granting Citibank summary judgment on Renfroe's DTA claims and CPA claims. ECF No. 100. Still, it vacated

---

[2] Wash. Rev. Code §§ 61.24 *et seq.*
[3] Wash. Rev. Code §§ 31.04 *et seq.*
[4] "Based on the state court's restraining order and this ongoing litigation, Citibank has not yet completed foreclosure." ECF No. 123 at 4.

ORDER GRANTING CITIBANK'S MOTION FOR SUMMARY JUDGMENT – 4

this Court's order on Renfroe's quiet title claim and remanded for further consideration given new developments in Washington state case law possibly bearing on that claim. The Ninth Circuit specifically directed this court to review *Merceri v. Bank of New York Mellon*, 434 P.3d 84 (Wash. Ct. App. 2018) and *Cedar West Owners Ass'n v. Nationstar Mortgage, LLC*, 434 P.3d 554, 562 (Wash Ct. App. 2019).

The Court conducted a hearing on Citibank's motion for summary judgment. At that hearing, Plaintiff raised arguments related to her supplemental briefing and declarations that were filed without leave of the court and beyond the deadline provided in the Court's case management order. *See generally* ECF Nos. 141, 142 & 143. Renfroe accuses Citibank of "misle[ading] the court" because she received a letter advising ownership of her loan transferred to U.S. Bank Trust National Association, as Owner Trustee of NRMLT 2020-NPL2 (U.S. Bank Trust) effective September 10, 2020. ECF No. 140 at 3. The Court denied Citibank's motion to strike. *See* ECF Nos. 147, 155. The Court instead directed Citibank to respond to Plaintiff's supplemental briefing and declarations. ECF No. 155. Citibank replied. ECF No. 156.

The Court agrees with Citibank that substitution is not mandatory under Federal Rule of Civil Procedure 25(c). *See generally* ECF No. 156. "If an interest is transferred, the action may be continued by or against the original party unless

the court, on motion, orders the transferee be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). Neither Renfroe nor Citibank have moved to substitute the new loan owner. And the Rule does not require as much. Citibank emphasizes, "to read a substitution requirement into Rule 25(c) . . . misconstrues [its] plain terms." ECF No. 156 at 3 (quoting *FDIC v. SLE, Inc.*, 722 F.3d 264, 268 (5th Cir. 2013)). The Court agrees and thus proceeds to the merits of Citibank's motion for summary judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once a party has moved for summary judgment, the opposing party must point to specific facts establishing that there is a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the district court must grant the summary judgment motion. *Id*. at 322. "When the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)

ORDER GRANTING CITIBANK'S MOTION FOR SUMMARY JUDGMENT – 6

1  (internal citation omitted). When considering a motion for summary judgment,
2  district courts do not weigh the evidence or assess credibility; instead, "the evidence
3  of the non-movant is to be believed, and all justifiable inferences are to be drawn in
4  his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## DISCUSSION

6  Citibank argues the statute of limitations does not bar foreclosure of the deed
7  of trust because it timely initiated the nonjudicial foreclosure, and Renfroe's quiet
8  title action thus fails as a matter of law. This area of Washington law remains
9  unsettled, but Renfroe's quiet title action fails under any interpretation of
10 Washington Court of Appeals precedent.

11  Under Wash. Rev. Code § 7.28.300, "[t]he record owner of real estate may
12 maintain an action to quiet title against the lien of a mortgage or deed of trust on the
13 real estate where an action to foreclose such mortgage or deed of trust would be
14 barred by the statute of limitations." *See also Terhune v. N. Cascade Tr. Servs., Inc.*,
15 446 P.3d 683, 689 (Wash. Ct. App. 2019), *review denied*, 458 P.3d 782 (Wash.
16 2020) ("If the statute of limitations has expired on a promissory note secured by a
17 deed of trust on real property, the owner is entitled to quiet title on the property.").

18  An action upon a contract in writing must be commenced within six years.
19 Wash. Rev. Code § 4.16.040(1). "As an agreement in writing, [a] deed of trust
20 foreclosure remedy is subject to a six-year statute of limitations." *Merceri v. Bank*

ORDER GRANTING CITIBANK'S MOTION FOR SUMMARY
JUDGMENT – 7

*of New York Mellon*, 434 P.3d 84, 87 (Wash. Ct. App. 2018), *review denied*, 430 P.3d 244 (Wash. 2018) (quoting *Edmundson v. Bank of Am.*, 378 P.3d 272, 276 (Wash. Ct. App. 2016)). The six-year period begins only "after the cause of action has accrued." Wash. Rev. Code § 4.16.005. "For an installment promissory note, the cause of action 'accrues for each monthly installment from the time it becomes due.'" *Terhune*, 446 P.3d at 688 (quoting *Cedar W. Owners Ass'n v. Nationstar Mortg., LLC*, 434 P.3d 554, 560 (Wash. Ct. App. 2019), *review denied*, 441 P.3d 1200 (Wash. 2019)).

That said, "if a lender accelerates an installment note, 'the entire remaining balance becomes due and the statute of limitations is triggered for all installments that had not previously become due.'" *Terhune*, 446 P.3d at 688 (quoting *4518 S. 256th, LLC v. Karen L. Gibbon, P.S.*, 382 P.3d 1, 6 (Wash. Ct. App. 2016)). "For acceleration to occur, the lender must take some affirmative action that informs the borrower that the entire debt is immediately due." *Id*. "'[A]cceleration must be made in a clear and unequivocal manner which effectively apprises the maker that the holder has exercised his right to accelerate the payment date.'" *Id*. (quoting *Merceri*, 434 P.3d at 88). "A default on the loan alone will not accelerate a note, even if an installment note provides for automatic acceleration upon default." *Id*. at 689. "And even the initiation of nonjudicial foreclosure proceedings does not automatically accelerate a note." *Id*.

ORDER GRANTING CITIBANK'S MOTION FOR SUMMARY
JUDGMENT – 8

In its prior ruling granting summary judgment in Citibank's favor, this Court relied on *Edmundson*. There, Division One of the Court of Appeals emphasized written notice of default was timely transmitted by first class and certified mail as required by statute. 378 P.3d at 277. Under RCW 61.24.030(8), this notice provided evidence the lender intended to seek a remedy for the Edmunson's default under the DTA. *Id*. The notice of default came before the running of the six-year period of the statute of limitations. *Id*. The court held "[t]hat is all that is required under the circumstances of this case." *Id*.

The Ninth Circuit highlighted two cases this Court should consider on remand: *Merceri* and *Cedar West*. *Merceri* hinged on a lender's notice of intent to accelerate. *See* 434 P.3d at 88–89. The notice at issue in that case contained identical language to the notice at issue here—"If the default is not cured . . ., the mortgage payments **will be accelerated** with the full amount remaining accelerated and becoming due and payable in full." *Compare id*. *with* ECF No. 123 at 59. The court held that this kind of notice "falls far short of a clear and unequivocal statement of acceleration." *Id*. at 88. But this case is unlike *Merceri*. Renfroe makes no argument about acceleration and assumes "there was no acceleration of the Note debt." *See* ECF No. 131 at 5.

In *Cedar West*, Division One of the Washington State Court of Appeals addressed tolling of the statute of limitations. *See generally* 434 P.3d 554. The court

ORDER GRANTING CITIBANK'S MOTION FOR SUMMARY JUDGMENT – 9

there determined that "[t]he commencement of a nonjudicial foreclosure proceeding [generally] tolls the six-year statute of limitations period." 434 P.3d at 562. But that panel of Division One concluded, "*Edmundson* has been interpreted too broadly to mean filing a notice of default definitively tolls the statute of limitations." *Id*. It held "after filing a notice of default, the lender must act diligently to pursue and perfect nonjudicial foreclosure remedies under the [DTA]." *Id*. It clarified "[r]ecording the notice of trustee's sale [likewise] toll[s] the statute of limitations but not indefinitely." *Id*. Because the lender there took no "steps to pursue nonjudicial foreclosure for over a year after the notice of default was transmitted to the borrower," it "conclude[d] the Notice of Trustee's Sale and not the notice of default tolled the statute of limitations." *Id*. It reasoned the "unexplained delay" was inconsistent "with the statutory right to notice of the amount in default and the right to reinstate and cure." *Id*.

In *Terhune*, however, Division Two of Washington State Court of Appeals noted that "[s]ome courts have adopted a rule that the initiation of nonjudicial foreclosure proceedings tolls the statute of limitations, at least as long as the lender acts diligently in perfecting its remedies." 446 P.3d at 688 n.3 (citing *Cedar West*, 434 P.3d at 561–63). Yet it determined "[t]he final six-year period for taking action

ORDER GRANTING CITIBANK'S MOTION FOR SUMMARY JUDGMENT – 10

on an installment note does not begin to run until the note fully matures."[5] *Id*. at 688. Division Two ostensibly declined to adopt *Cedar West*'s tolling rule.

In *U.S. Bank National Association v. Ukpoma*, Division Three of Washington State Court of Appeals entered the debate on whether tolling applies: "This author believes there is no tolling, but a majority of this panel believes otherwise. We publish this opinion to encourage further debate of this important issue." 438 P.3d 141, 143 (Wash. Ct. App. 2019). One panel member would have overruled the tolling rule adopted in *Bingham v. Lechner*, 45 P.3d 562 (2002), and emphasized "nothing in the nonjudicial foreclosure statute . . . mentions tolling." *Ukpoma*, 438 P.3d at 145. The majority disagreed and concluded *Bingham* and *Cedar West*'s tolling rule reflects the DTA's objectives. *Id*. at 148.

In re Pers. Restraint of Arnold, 410 P.3d 1133 (Wash. 2018), the Washington Supreme Court resolved "conflicting opinions on whether stare decisis applies between or among divisions of our Court of Appeals." 410 P.3d 1133, 1135 (Wash.

---

[5] Renfroe's Note provides: "If, on December 1, 2035, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the 'Maturity Date.'" ECF No. 123 at 7. Under one reading of *Terhune*, Citibank's statute of limitations would not begin to run until Renfroe's Note "fully matures" or December 1, 2035. *See Terhune*, 446 P.3d at 688. Under another, the six-year period begins after the action accrues, and the action accrues for each separate monthly installment from the time that particular installment becomes due. *See id*. Either way, summary judgment is proper under *Terhune* because Citibank began foreclosure before her Note reached its maturity date and before the six-year period had elapsed on Renfroe's last missed monthly payment. *See generally infra*.

ORDER GRANTING CITIBANK'S MOTION FOR SUMMARY JUDGMENT – 11

2018). It "reject[ed] any kind of 'horizontal stare decisis' between or among the divisions of the Court of Appeals." *Id*. at 1139. The court noted, "[w]e recognize when there are conflicts in the Court of Appeals. We resolve them by granting review, not by telling the later panel to adhere to a decision of an earlier panel." *Id*. Thus, "[t]he doctrine of stare decisis does not preclude one panel from the court of appeals from stating a holding that is inconsistent with another panel within the same division." *Id*. at 1140. "[T]he divisions of the Court of Appeals have traditionally treated decisions from other divisions as persuasive rather than binding because it allows for 'rigorous debate' and 'improves the quality of appellate advocacy and the quality of judicial decision making.'" *Id*. (citation omitted). It held, "[o]ne division of the Court of Appeals should give respectful consideration to decisions of another division, but should not apply stare decisis to that prior decision." *Id*. at 1138.

Washington State law therefore appears unsettled on whether and when tolling may apply. Under Wash. Rev. Code § 2.60.020, this Court may certify a question of local law to the Washington State Supreme Court for an answer. But the Court has determined Renfroe's claim fails under any interpretation of the law, so certification to the Supreme Court is unnecessary.[6]

---

[6] Even if there was no tolling at all, the statute of limitations ran only on at most a handful of Renfroe's payments because her suit and injunction subsequently tolled the statute of limitations. *See* Wash. Rev. Code § 4.16.230; *Edmundson*, 378 P.3d

ORDER GRANTING CITIBANK'S MOTION FOR SUMMARY
JUDGMENT – 12

Renfroe claims her last monthly payment was applied to an installment due on December 1, 2010. ECF No. 132 at 2. Applying timeanddate.com, she argues Citibank had until November 30, 2016 to start its foreclosure proceedings. ECF No. 131 at 5. But her reliance on timeanddate.com to calculate the statute of limitations is misplaced. If Renfroe's last monthly payment was applied to an installment due on December 1, 2010, her next monthly payment was due on January 1, 2011. *See* ECF No. 123 at 7. Because "[a] deed of trust foreclosure remedy is subject to a six-year statute of limitations," *Merceri*, 434 P.3d at 87, the statute of limitations would begin to run six years after her last missed monthly payment, or January 1, 2017.

Bank of America served its notice of default on May 9, 2014. ECF No. 123 at 82–89. Applying *Edmunson*, "[t]hat is all that is required under the circumstances of this case." 378 P.3d at 277. Under *Cedar West*, however, the notice of default would not have tolled the statute of limitations because Quality Loan, as Citibank's trustee, did not record its notice of trustee's sale until December 23, 2016—an "unexplained delay" of over two and half years. *See* 434 P.3d at 562. Even so, Quality Loan still timely recorded its notice of trustee's sale before the statute of

---

at 277 (quoting *Herzog v. Herzog*, 161 P.2d 142, 144–45 (Wash. 1945) ("[W]hen recovery is sought on an obligation payable by installments, the statute of limitations runs against each installment from the time it becomes due; that is, from the time when an action might be brought to recover it.")). In other words, "the statute of limitations accrued for each monthly payment under the terms of the note as each payment became due." *Id*. Citibank would still be entitled to foreclose.

ORDER GRANTING CITIBANK'S MOTION FOR SUMMARY
JUDGMENT – 13

limitations would have run on January 1, 2017, six years after Renfroe's last missed monthly payment. *See* ECF No. 123 at 91–92.

At this point, under *Cedar West*, the notice of trustee sale tolled the limitations period until the date scheduled for the foreclosure auction or 120 days later, the last day the lender could continue the sale. *See* 434 P.3d at 562 (citing *Bingham*, 45 P.3d at 568). The notice of trustee's sale here set the original auction date for April 28, 2017. *Id*. Quality Loan then continued the trustee's sale to June 30, 2017. Only 64 days had elapsed between the original and continued auction dates. Under *Cedar West*, the statute of limitations was tolled for this period. *See* 434 P.3d at 562.

In any event, Renfroe sued in Washington State Superior Court and moved to enjoin the trustee's sale in April 2017. ECF No. 1-1. The trial court enjoined the trustee's sale on June 14, 2017. ECF 13-1 at 2–3. Under Wash. Rev. Code § 4.16.230, "[w]hen the commencement of an action is stayed by injunction . . ., the time of the continuance of the injunction . . . shall not be a part of the time limited for the commencement of the action." The superior court's injunction has therefore tolled the statute of limitations for the duration of this litigation.

This Court finds Citibank timely began its foreclosure proceedings, so Renfroe's quiet title action fails as a matter of law. As a result, Citibank "is entitled to foreclosure on installment payments due on and after" January 1, 2011. *See*

ORDER GRANTING CITIBANK'S MOTION FOR SUMMARY
JUDGMENT – 14

*Cedar West*, 434 P.3d at 562–63.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Summary Judgment, **ECF No. 122**, is **GRANTED**.

2. All claims are **DISMISSED WITH PREJUDICE**, with all parties to bear their own costs and attorney fees.

3. All pending motions are **DENIED AS MOOT**.

4. All hearings and other deadlines are **STRICKEN**.

5. The Clerk's Office is directed to **ENTER JUDGMENT** in Defendants' favor and **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 26th day of October 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING CITIBANK'S MOTION FOR SUMMARY JUDGMENT – 15